(No. 96931.—

JANET D. SULLIVAN, Appellant, v. ROBERT E. EICHMANN, M.D., Appellee.

*Opinion filed November 18, 2004.*

Michael C. Holoka, of Rockford, for appellant.

Hinshaw & Culbertson, L.L.C., of Chicago (Stephen R. Swofford and Jeffry S. Spears, of counsel), for appellee.

JUSTICE FITZGERALD delivered the opinion of the court:

In this medical malpractice case, the circuit court of Winnebago County denied plaintiff's request to substitute counsel immediately preceding arguments on defendant's motion for summary judgment, granted defendant's motion for summary judgment, and subsequently denied plaintiff's motion to reconsider. Plaintiff appealed these rulings, and the appellate court affirmed. No. 2—01—1386 (unpublished order under Supreme Court Rule 23). We allowed plaintiff's petition for leave to appeal. 177 Ill. 2d R. 315. The principal issue we consider in this case is whether the trial court abused its discretion in denying substitution of counsel prior to arguments on defendant's motion for summary judgment.

## BACKGROUND

In September 1996, defendant, Dr. Robert Eichmann, a board-certified specialist in obstetrics and gynecology, performed abdominal surgery on plaintiff, Janet Sullivan. Sullivan experienced complications following surgery, including a perforated bowel. In September 1998, Sullivan filed a medical malpractice complaint against Dr. Eichmann, and alleged that Dr. Eichmann's negligent conduct caused her medical complications. A letter attached to the complaint, signed by Dr. Harrith M. Hasson, provided that Dr. Eichmann deviated from the standard of care during his treatment of Sullivan. See 735 ILCS 5/2—622 (West 1998). At the time of filing her complaint, Sullivan was represented by trial counsel Gregory Barrett.

Subsequently, the parties conducted discovery. Several times during discovery, court orders were amended to extend the time to disclose and depose fact and expert witnesses. The trial court repeatedly ordered Sullivan to formally disclose the name of her expert and the expert's opinions, and to make the expert available

to be deposed. On February 15, 2001, during a routine status hearing, Barrett informed the court that Dr. Hasson was withdrawing as an expert and was not willing to testify that Dr. Eichmann was negligent. Barrett requested additional time to seek a new expert. The court granted the request, and ordered Sullivan to disclose an expert and answer all interrogatories by March 19, 2001. Sullivan did not comply with the trial court's order. On April 6, 2001, Dr. Eichmann filed his "Combined Motions to Dismiss and/or for Summary Judgment." Pursuant to Supreme Court Rule 219, Dr. Eichmann sought the dismissal of Sullivan's complaint due to Sullivan's failure to comply with the trial court's discovery orders. See 166 Ill. 2d R. 219(c). Alternatively, Dr. Eichmann sought summary judgment as a matter of law because Sullivan failed to identify or provide the opinion of an expert witness who would state that Dr. Eichmann deviated from the standard of care. See 735 ILCS 5/2—1005 (West 2002). Dr. Eichmann argued that without an expert Sullivan was not able to establish a *prima facie* case of medical negligence.

On May 4, 2001, the motion for summary judgment was heard by the trial court. A court reporter was not present during the hearing and, therefore, the record does not contain a transcript. However, Sullivan's motion to reconsider and petition for leave to appeal to this court, together with Dr. Eichmann's brief to this court and the transcript from the hearing on Sullivan's motion to reconsider, provide a sketch of what transpired on May 4, 2001. The transcript discloses that Sullivan's new counsel, Michael Holoka, provided an oral account of what occurred in court on May 4, 2001. Dr. Eichmann did not contest the facts as orally detailed by Sullivan's attorney. Further, Dr. Eichmann did not contest the facts as outlined by Sullivan in her petition for leave to appeal to this court or during oral argument before this court.

It is evident, therefore, that the following occurred on May 4, 2001.

Sullivan's original trial counsel, Barrett, appeared at the summary judgment hearing. Sullivan herself was not personally present. Additionally, a new attorney, Michael Holoka, of the law firm of Kralovec, Jambios & Schwartz, appeared at the hearing. Prior to the arguments, Holoka tendered to the court a document entitled "Substitution of Attorneys," which appears in the record. The document, signed by Sullivan and a member of Holoka's law firm, designated the firm of Kralovec, Jambois & Schwartz as Sullivan's new attorneys. The document was also signed by Barrett and purported to withdraw Barrett's law firm from the matter. Holoka informed the court that he did not have an expert affidavit available with him in court, but that he had retained an expert who would testify that Dr. Eichmann deviated from the standard of care in his treatment of Sullivan. Holoka provided the name of the expert to both defense counsel and the court. Holoka explained that because he was only retained in mid-April, and the expert was also newly retained, he was not able to obtain the new expert's opinion in writing prior to the hearing. Defense counsel objected to the substitution and argued that, absent an expert's counteraffidavit, substitution should be denied. The trial court denied Sullivan's substitution request, and proceeded to hear the motion for summary judgment. Defense counsel presented the motion, Barrett informed the court that he had no response to the motion, and the court entered summary judgment in favor of Dr. Eichmann. The order provided in part:

> "There is no genuine dispute as to any material fact and that defendant is entitled to summary judgment as a matter of law. By reason of the granting of defendant's motion for summary judgment, defendant's motion to dismiss, with prejudice, pursuant to section 2—619 of the Illinois Code of Civil Procedure and SCR 219(c) is moot.

Substitution of counsel should not be allowed to delay the entry of an order allowing defendant's dispositive motion but defendant has no objection to the substitution with respect to any post-judgment proceedings."

This same order allowed Holoka's substitution for purposes of any postjudgment proceedings. On May 23, 2001, Sullivan filed a motion for reconsideration. The motion explained that a personal tragedy impaired Barrett's ability to represent her in the matter. Sullivan attached to the motion her own affidavit providing that Barrett first informed her on April 11, 2001, "that he did not have enough time to retain an expert" to oppose summary judgment and that she immediately sought other counsel to represent her. Sullivan also attached to the motion an amended answer to Dr. Eichmann's Supreme Court Rule 213 interrogatories, as well as a report, affidavit, and *curriculum vitae* of her new expert witness, Dr. Howard Topel. Dr. Topel's affidavit stated that he received materials regarding Sullivan's medical condition on April 17, 2001, reviewed the materials, and orally communicated his opinion to Sullivan's attorney on May 2, 2001: Dr. Topel's opinion was that Dr. Eichmann did not meet the standard of care required in the pertinent medical field. The motion informed defense counsel and the court that Dr. Topel was prepared to proceed with his deposition, and dates were tendered for the taking of his deposition.

The court denied the motion to reconsider and entered the following written memorandum of decision:

"I have considered at great length the arguments of counsel and tried very hard to weigh the equities involved. I will first say that I disagree with the procedural history as recited by Mr. Holoka. I did not do so on the record because I did not see the value in doing so in the limited time available.

However, my recollection of the history of this case is that the plaintiff's counsel who preceded Mr. Holoka on the file appeared at or near the discovery cut off and

indicated that his expert now *declined* to testify. The clear implication was not that it was now inconvenient due to delays as suggested by Mr. Holoka, but that he now declined to swear that there was negligence. It was further suggested that counsel felt finding an expert would be difficult but that he would like the discovery date extended in order to try to find someone who 'would be willing to testify on her behalf.' Again, the implication was that he doubted that anyone would be found for that purpose. The time to disclose came and went without an expert having been found. The summary judgment motion was thirty days later and there was no sworn attestation to the availability of an expert. The motion to reconsider is denied."

The appellate court affirmed the trial court. No. 2—01—1386 (unpublished order under Supreme Court Rule 23). The appellate court noted that leave is not required when an attorney seeks to enter an appearance. The appellate court declined, however, to consider whether the trial court erred in denying the motion for substitution because the record on appeal was inadequate to determine "the precise nature" of what occurred during the proceedings. The appellate court noted Sullivan's various failures to meet discovery deadlines and held that "lacking any record from the hearing, we must presume that the trial court's order denying plaintiff's request to substitute attorneys was in conformity with the law and supported by the record." No. 2—01—1386, citing *Webster v. Hartman*, 195 Ill. 2d 426, 433-34 (2001). Further, because Sullivan failed to present an affidavit of an expert witness regarding Dr. Eichmann's standard of care, the trial court did not err in granting summary judgment. This appeal followed.

## ANALYSIS

We first address Dr. Eichmann's argument that the record is insufficient to permit our review of whether the denial of substitution of counsel constituted an abuse of the trial court's discretion. It is correct that on appeal

the appellant must present a complete record to review the claim of error. *Webster*, 195 Ill. 2d at 432. Here, as discussed previously, the factual circumstances are evident in Sullivan's motion to reconsider summary judgment, the transcript of the arguments from the motion to reconsider, and the parties' briefs to this court. These facts are not refuted or contested. Accordingly, the record is sufficiently complete to review the issue.

We further address Dr. Eichmann's contention that this court "must assume the new attorney was not in any way hampered in his appearance." Specifically, Dr. Eichmann argues that the new attorney must have been permitted to "appear" because the record contains information about the newly retained expert witness, and this expert was retained by the new attorney. Simply stated, Dr. Eichmann argues that if the new attorney did not appear, this information would not be in the record.

It thus appears that Dr. Eichmann equates Holoka's physical presence in court with an "appearance." We refuse to engage in such linguistic gymnastics. The record is clear: the trial court denied the motion for substitution, and Holoka was not permitted to appear. Therefore, we now address whether the trial court abused its discretion in denying substitution.

Under Supreme Court Rule 13(c)(1), an "attorney shall file his written appearance or other pleading before he addresses the court unless he is presenting a motion for leave to appear by intervention or otherwise." 134 Ill. 2d R. 13(c)(1). Leave is not required when an attorney seeks to enter an appearance. *Firkus v. Firkus*, 200 Ill. App. 3d 982, 990 (1990). We "recognize the established right of a party to discharge his attorney at any time with or without cause, and to substitute other counsel, for a client is entitled to be represented by an attorney in whose ability and fidelity he has confidence." *Savich v. Savich*, 12 Ill. 2d 454, 457-58 (1957). Further, as properly

noted by the appellate court, an attorney may enter his or her appearance even if the client is currently represented by another law firm or attorney. See *Firkus*, 200 Ill. App. 3d at 990.

Despite these general principles, however, some limitations do apply. The right to substitute counsel is not absolute. *People v. Franklin*, 415 Ill. 514, 516-17 (1953). The trial court may deny substitution if the "substitution of counsel would unduly prejudice the other party or interfere with the administration of justice." *Filko v. Filko*, 127 Ill. App. 2d 10, 17 (1970); *Franklin*, 415 Ill. at 516-17. In making this determination, trial courts may consider the detriment to the moving party caused by the denial of substitution. *Filko*, 127 Ill. App. 2d at 17. We will not reverse a trial court's decision to deny substitution absent an abuse of discretion.

Dr. Eichmann argues that the "history of the case," referring to Sullivan's failure to meet discovery deadlines, justified the trial court's denial of substitution. Dr. Eichmann argues that unless trial courts have discretion to deny substitution of counsel, litigants will be able to unfairly prolong the entry of summary judgment. The trial court's own order conveys that this was, in fact, the basis for its decision: "[s]ubstitution of counsel should not be allowed to delay the entry of an order allowing defendant's dispositive motion." Further, the appellate court appears to partly justify the trial court's decision to deny substitution based upon Sullivan's failure "to meet numerous discovery deadlines."

While we agree that trial courts must have discretion to deny substitution, especially when substitution is used as an attempt to prolong or delay the entry of a dispositive motion, there is no indication in the record to support that this was Sullivan's motive here. Rather, the record reveals that Barrett failed to properly prosecute Sullivan's case, and new counsel was retained to better

represent her interests. Specifically, Sullivan learned on April 11, five days after the motion for summary judgment was filed, that Barrett would not seek to retain another expert to support her cause, and she immediately sought other counsel. Six days later, Sullivan had retained new counsel, and this attorney had contacted an expert to review the matter. The record further reveals that, immediately prior to arguments on the motion for summary judgment, Holoka orally informed the court that he had retained an expert, provided the name of this expert, and stated that this expert would offer an opinion and testify that Dr. Eichmann deviated from the standard of care. Whether Dr. Eichmann deviated from the standard of care, and whether Sullivan could offer an expert to testify on this issue, was the subject of the motion for summary judgment, which had been filed less than 30 days earlier. The record simply does not support Dr. Eichmann's contention that the substitution of a new attorney at this stage in the litigation would delay the administration of justice. Cf. *Filko*, 127 Ill. App. 2d at 17 (refusing substitution at the time a divorce decree was to be entered was not an abuse of discretion where settlement decree had been agreed upon and all that was required to conclude the matter was entry of the written decree).

We further note that a trial court is obligated to consider both the prejudice to the defendant and the detriment caused to the moving party by denial of substitution. It is clear that the retention of an expert was relevant to the outcome of the summary judgment motion, and information regarding the expert was only available if the court allowed Sullivan's new attorney to appear. Here, the trial court identified no specific undue prejudice to defendant caused by permitting substitution. Yet, the record reveals significant prejudice to Sullivan by denial of the motion. Sullivan was deprived of counsel

who represented her interests, denied the attorney of her choice, and robbed of the opportunity to tender an expert opinion when the court was advised that one existed. The denial of counsel of her choice in this case denied Sullivan representation by an attorney in whose "ability and fidelity" she had confidence. Without Holoka's participation in the arguments, she was unable to respond to the motion for summary judgment and unable to prosecute her cause of action.

Dr. Eichmann asserts that Sullivan was not prejudiced by the denial of substitution because even if the trial court had allowed the substitution prior to arguments, new counsel lacked an expert's counteraffidavit to defeat summary judgment. All parties acknowledge that Holoka did not possess a counteraffidavit on May 4, 2001, but rather only had an expert's oral opinion prior to the hearing. Dr. Eichmann further argues that even if Sullivan could not present an expert's affidavit at the time of the hearing, she also failed to avail herself of other procedural mechanisms to defeat summary judgment. Specifically, Dr. Eichmann argues that Sullivan failed to file an affidavit pursuant to Supreme Court Rule 191(b) (134 Ill. 2d R. 191(b)). Dr. Eichmann thus argues that Sullivan was not prejudiced because the outcome would have been the same with Holoka's participation.

We disagree. We do not know what would have occurred had the trial court allowed the substitution. As noted during oral arguments before this court, it is clear that Sullivan's new counsel had the necessary evidence to overcome summary judgment and could easily have provided his own affidavit to the court if called upon to do so once his appearance was permitted. It is possible that Sullivan's new counsel would have requested a short continuance to obtain the expert's written affidavit and that this continuance would have been granted. Such speculation, however, is neither appropriate nor neces-

sary here. Under the circumstances in this case, the decision to deny substitution foreclosed the possibility of any measures to overcome summary judgment. Dr. Eichmann's assertion that Sullivan was not prejudiced ignores the reality that the act of denying substitution barred events that would have likely led to the denial of summary judgment or, alternatively, would now serve as evidence of prejudice. We will not let one incorrect ruling—the denial of substitution—justify another—the grant of summary judgment.

Accordingly, we find that the denial of substitution prior to arguments on Dr. Eichmann's motion for summary judgment constituted an abuse of discretion and that, under the facts of this case, this abuse of discretion constituted reversible error. For this reason, we need not consider additional issues raised by the litigants.

## CONCLUSION

For the reasons discussed above, we reverse the judgments of the circuit and appellate courts and remand the matter to the circuit court for further proceedings.

*Reversed and remanded.*