# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**J.P. Morgan Mortgage Acquisition Corp. v. Straus**, 2012 IL App (1st) 112401

---

| | |
|---|---|
| Appellate Court Caption | J.P. MORGAN MORTGAGE ACQUISITION CORPORATION, Plaintiff-Appellee, v. JOSEPH L. STRAUS a/k/a JOSEPH STRAUS, ALICE JEAN STRAUS a/k/a ALICE STRAUS, and FIRST EAGLE BANK, Defendants-Appellants. |
| District & No. | First District, Second Division<br>Docket No. 1-11-2401 |
| Rule 23 Order filed<br>Rule 23 Order withdrawn<br>Opinion filed | September 28, 2012<br><br>October 25, 2012<br>October 30, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendants' motion to vacate the trial court's entry of a judgment of foreclosure and sale on the ground that notice to one defendant was improper was properly denied, notwithstanding that defendant's contention that his counsel was not notified, since counsel did not seek leave of the court to file his appearance and plaintiff properly sent notice to defendant, who was of record as appearing *pro se.* |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-CH-40063; the Hon. Jesse G. Reyes, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed. |
| Counsel on Appeal | Louis J. Manetti, Jr., of Codilis & Associates, P.C., of Burr Ridge, for appellants. |
| | David A. Novoselsky, of Novoselsky Law Offices, of Chicago, for appellee. |
| Panel | JUSTICE MURPHY[1] delivered the judgment of the court with opinion. Justices Quinn and Connors concurred in the judgment and opinion. |

## OPINION

¶ 1    On October 19, 2009, the underlying complaint to foreclose mortgage was filed in the circuit court of Cook County by the original plaintiff, Credit Based Asset Servicing and Securitization, LLC. Defendant, Joseph Straus, filed his appearance and answer, *pro se*, on November 20, 2009. Counsel for defendants filed an additional appearance with the clerk of the circuit court on behalf of Joseph Straus on March 16, 2010, and on behalf of Alice Straus on October 25, 2010. Counsel's additional appearances contained the following certification of service signed by counsel, "I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead." On May 12, 2010, Credit Based Asset Servicing and Securitization LLC, moved to substitute J.P. Morgan Mortgage Acquisition Corp. (J.P. Morgan) as plaintiff because the mortgage had been assigned to J.P. Morgan, transferring all right, title and interest in the mortgage.

¶ 2    On May 12, 2010, J.P. Morgan filed motions: for summary judgment; for default judgment against Alice Straus and First Eagle Bank; to dismiss party defendant "unknown owners and nonrecord claimants"; and for judgment of foreclosure and sale. J.P. Morgan averred in the notices of motion that the notices and motions were served on Joseph Straus, Alice Straus, First Eagle Bank, and unknown owners via United States mail. On May 21, 2010, the trial court entered orders granting plaintiff's motions: to substitute J.P. Morgan as plaintiff; for default judgment against Alice Straus and First Eagle Bank; for summary judgment against Joseph Straus; and for a judgment for foreclosure and sale.

---

[1]Justice Michael J. Murphy, who originally authored this opinion, died after this decision was filed. Pursuant to Supreme Court Rule 23, Justices Quinn and Connors reviewed the motion to publish and agreed that this decision should be published. No changes have been made from the original Rule 23 order.

-2-

¶ 3    Pursuant to the judgment for foreclosure and sale, a judicial sale was held on August 24, 2010. On September 3, 2010, plaintiff filed a motion for an order approving the sale and distribution of the property. Notice was provided to defendants again by United States mail. At the October 25, 2010, hearing on the motion, the parties were represented by counsel. On that date, counsel for defendants filed and presented in open court an appearance on behalf of Alice Straus and a motion to quash service of process on behalf of Alice. Plaintiff withdrew its motion to confirm the sale of the property. On October 29, 2010, Joseph filed a motion to vacate and void the judgment of foreclosure and sale. Joseph argued that the judgment was void because his counsel met with plaintiff's counsel prior to the March 26, 2010, hearing and presented his March 26, 2010, additional appearance on behalf of Joseph. Joseph asserted that his counsel did not receive notice of any subsequent hearings in violation of Supreme Court Rule 11 (Ill. S. Ct. R. 11 (eff. Dec. 29, 2009)).

¶ 4    Plaintiff responded that it was not served with notice of counsel's appearance and that counsel failed to properly seek leave of the trial court to file the appearance; therefore, it properly provided notice of its motions to defendants. In his response brief, Joseph asserted that "it is extraordinarily unusual for attorney Gertzman to file an Additional Appearance, mid-day, 35 minutes [to] a scheduled court hearing, and not deliver a copy of said Appearance to opposing counsel." Joseph added:

   "It is so unbelievable that it remains extraordinarily coincidental that attorney Gertzman's Additional Appearance was filed on March 16, 2010, mid-day, only 35 minutes before the noticed 2:00 p.m. scheduled court hearing, but, however, Plaintiff's counsel fails to recall receiving attorney Gertzman's Additional Appearance. *** Apparently, Plaintiff's counsel suggests that attorney Gertzman filed an Appearance 35 minutes before a scheduled court hearing, became aware by telepathic waves that Plaintiff's counsel was withdrawing Plaintiff's Motion allegedly resulting in attorney Gertzman's departure from the courthouse without serving a copy of said Appearance on Plaintiff's counsel. Hogwash!!!"

¶ 5    After briefing the issue, a hearing was held on March 11, 2011. Plaintiff argued that it was never served with defense counsel's appearance as required by Rule 11 and, furthermore, that counsel filed the appearance without leave of court. Joseph argued that counsel delivered a copy of the appearance to plaintiff's counsel in open court on March 16, 2010. Joseph also argued that the rules do not require that a party seek leave to file an appearance. The trial court indicated that defendant's exhibit attached to his motion, purportedly to demonstrate proof that counsel filed an appearance, was illegible and it could not be considered in support of defendant's argument. Joseph's counsel admitted the copy was illegible, but attached the exhibit because it was the best copy that could be made. However, counsel also argued that the docket for the case indicated that the appearance was filed and plaintiff should have reviewed the docket and provided notice.

¶ 6    The trial court continued the matter to May 18, 2011, when the motion was denied. The judicial sale was granted on July 18, 2011. Defendants filed a notice of appeal seeking vacature of the May 18, 2011, and July 18, 2011, orders. On appeal, defendants assert only a single issue. They contend that the trial court order denying the motion to vacate and void the judgment of the foreclosure sale was erroneous and all subsequent orders of the trial court

are void. Defendants note that this issue is a legal question and the standard of review is *de novo*. *City of Belvidere v. Illinois State Labor Relations Board*, 181 Ill. 2d 191 (1998).

¶ 7 Defendants assert that defense counsel filed an appearance on behalf of Joseph Straus on March 26, 2010, prior to the date that plaintiff's motions for default judgment and summary judgment were filed. Defendants contend that Joseph's counsel's appearance was served on plaintiff's counsel the day it was filed. They argue that, pursuant to Rule 11(a), "[i]f a party is represented by an attorney of record, service shall be made upon the attorney," and service was improper because it was not made on the attorney of record. Ill. S. Ct. R. 11(a) (eff. Dec. 29, 2009). Defendants note that this mandatory language cannot be disregarded by the trial court.

¶ 8 Defendants also argue that plaintiff's argument before the trial court that the appearance filed by defendant's counsel was improper because leave of court had not been sought prior to filing the appearance must fail. Defendants note that this claim is contrary to the mandatory requirements of Supreme Court Rule 13(c)(1), which provides: "An attorney shall file his written appearance or other pleading before he addresses the court unless he is presenting a motion for leave to appear by intervention or otherwise." Ill. S. Ct. R. 13(c)(1) (eff. Feb. 16, 2011). Accordingly, defendants argue, counsel's appearance was properly filed and personally served on plaintiff's counsel and that triggered the obligation to provide service only upon the attorney of record.

¶ 9 Defendants claim that it is axiomatic that plaintiff's failure to provide notice to an attorney of record renders the orders that follow fatally defective. Defendants assert that such orders are void and a trial court errs when it refuses to vacate the orders. Defendants cite to *Wilson v. Moore*, 13 Ill. App. 3d 632 (1973), for "this long-standing and universally-accepted principle of Illinois law." They contend that this principle is so ingrained in Illinois law that "there is no need to 'chain cite' " cases as one could exceed the page limitation for an appellant's brief by providing such a list of citations.

¶ 10 Counsel for appellants later apologize for "committing the Sin of Brevity or the corresponding Sin of Common Sense in presenting an argument which is quite brief," but maintain that this issue is clear and does not require lengthy discussion. We appreciate the attempt to efficiently and succinctly state their case; unfortunately, we have not been provided sufficient legal analysis to support their argument. In a further disappointment, we are without the benefit of a reply brief to provide any explanation or discussion of this issue in response to plaintiff's arguments.

¶ 11 Contrary to the above claims by defendants, our research does not find the principle discussed in *Wilson* to be so long-standing or universally accepted. We begin by noting that a judgment is void and may be collaterally attacked only where there is a total lack of either subject matter or personal jurisdiction in the court. *Johnston v. City of Bloomington*, 77 Ill. 2d 108, 112 (1979). Where there is simply an erroneous judgment and the trial court is not divested of jurisdiction, an order is not void, but voidable. A voidable order is not subject to collateral attack, but only to direct appeal. *In re Marriage of Mitchell*, 181 Ill. 2d 169, 175 (1998).

¶ 12 Furthermore, the trend of more recent authority favors the finality of judgments over

alleged defects in validity. *Id.* at 175-77 (citing Restatement (Second) of Judgments § 12 (1982)). Statutory requirements that are even considered nonwaivable conditions raise concerns over the finality of judgments " '[b]ecause of the disastrous consequences which follow when orders and judgments are allowed to be collaterally attacked, orders should be characterized as void only when no other alternative is possible.' " *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 341 (2002) (quoting *In re Marriage of Vernon*, 253 Ill. App. 3d 783, 788 (1993)). The *Belleville* court added that given the plethora of justiciable matters created by the legislature, the concern regarding the finality of judgments is particularly acute. *Id.*

¶ 13    Not only does this concern weigh against defendants' argument that the order is void, this court has not found the holding in *Wilson* axiomatic. Rather, this court found the decision in *Wilson* questionable considering our supreme court's holdings that only orders entered by a court lacking jurisdiction over a party are void. See *Mortimer v. River Oaks Toyota, Inc.*, 278 Ill. App. 3d 597, 602 (1996). In fact, as addressed in *Mortimer*, Supreme Court Rule 104(d) clearly states "[f]ailure to deliver or serve copies as required by this rule 'does not in any way impair the jurisdiction of the court over the person of any party,' " and a defect in service does not render the court's holding void. *Id.* at 603 (quoting Ill. S. Ct. R. 104(d) (eff. Jan. 1, 1970)). Therefore, as there is no evidence that the trial court lacked jurisdiction over the parties or the matter to enter the order, we do not find the order void.

¶ 14    Accordingly, we now consider if the trial court's order denying the motion to vacate was in error. We review a trial court's denial of a motion to vacate for an abuse of discretion, meaning we must determine whether the ruling was a fair and just result, and not a denial of substantial justice. The moving party has the burden of establishing sufficient grounds for vacating the judgment. *Standard Bank & Trust Co. v. Madonia*, 2011 IL App (1st) 103516, ¶ 8. We will find that the trial court abused its discretion only if no reasonable person would take the view adopted by the trial court. *In re Marriage of Schneider*, 214 Ill. 2d 152, 173 (2005). We do not find the trial court abused its discretion.

¶ 15    Defendants assert that Rule 13 requires that an appearance be filed before addressing the court and, therefore, leave is not required to file an appearance and the court should have vacated its order for failure to serve proper parties. However, as plaintiff's analysis demonstrates, Rules 13 and 101 require that an appearance be filed within 30 days of receipt of service and a party must file such an appearance before addressing the court–unless presenting a motion for leave to appear by intervention or otherwise. Contrary to defendants' claims, which are made without reference to any authority in case law, this leads us to the conclusion that leave of court must be sought prior to filing an appearance after 30 days. In fact, a basic search of case law reveals that leave of court is regularly sought when an additional appearance is filed whether to replace an attorney or for a *pro se* defendant who has secured representation. This also comports with commonsense considerations for the efficient and proper administration of justice to assure the court and parties are properly apprised of the parties and their representation.

¶ 16    Furthermore, the trial court read the briefs and heard the arguments of counsel. The trial court weighed the credibility of the parties, reviewed the certificate of service and determined that Joseph's counsel did not properly appear and put plaintiff on notice that he was

representing Joseph and should receive notice. Beyond this, counsel at trial did not provide proper certification of service, failed to produce legible proof of service to the trial court, and only made broad, conclusory arguments that there was no other possible outcome but that plaintiff's counsel was served. On appeal, defendants have not demonstrated any way that they were denied substantial justice in this case. Accordingly, the trial court did not abuse its discretion in finding that defendant did not properly file or serve his additional appearance and that plaintiff properly sent notice of its motions directly to Joseph, who was of record as appearing *pro se*. Therefore, the trial court properly denied the motion to vacate on the ground that notice was improper and we affirm.

¶ 17       For the foregoing reasons, the judgment of the trial court is affirmed.

¶ 18       Affirmed.