2024 IL App (1st) 221281-U
No. 1-22-1281

FIRST DIVISION
December 16, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| ESTATE OF STEVEN SNISKO, a person with a disability, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| PETER SNISKO | ) ) | |
| | ) | No. 17 P 3171 |
| Appellant, | ) ) | |
| v. | ) ) | The Honorable |
| | ) | Susan Kennedy Sullivan, |
| THE CHICAGO TRUST COMPANY, Guardian of the Estate, | ) ) | Judge Presiding. |
| | ) | |
| Appellee. | ) | |

_____

JUSTICE PUCINSKI delivered the judgment of the court.
Justices Lavin and Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held:* The trial court's denial of the brother's appearance and motion for substitution of judge was warranted where the brother did not seek to contest the order adjudicating the respondent disabled and appointing guardians over his estate and person, and where the brother failed to seek leave of court to intervene or otherwise file an appearance more than 3 years after the respondent was adjudicated disabled and appointed guardians.

¶ 2    This matter comes before this court on an appeal pursuant to Rule 304(b)(1) of the Illinois

Supreme Court Rule (Rules), Ill. Sup. Ct. R. 304(b)(1), stemming from a guardianship case over

the respondent, Steven Snisko, a disabled person ("Steven"), which is pending in the Cook County Probate Division. Appellant Peter Snisko ("Peter") filed an appearance without leave of court and thereafter filed a motion for substitution of judge as of right pursuant to section 2-1001(a)(2) of the Illinois Code of Civil Procedure (Code) (motion or motion for substitution). The circuit court denied Peter's appearance and his motion.

¶ 3        On appeal, Peter asserts that the circuit court erred when it denied his appearance and motion for substitution. Peter maintains that he has standing as an heir to file an appearance in Steven's guardianship matter, that he was not required to seek leave of court to file his appearance, and that he was entitled to a substitution of judge as of right. For the following reasons, we affirm the circuit court's denial of Peter's appearance and motion for substitution of judge as of right.

¶ 4                                          I. BACKGROUND

¶ 5        Steven Snisko is a retired, disabled United States Veteran who resides in 24-hour adult care facility in Illinois and receives full disability benefits from the United States Veterans Administration. The appellee, the Chicago Trust Company ("Chicago Trust"), administers guardianship estates for the Department of Veterans Affairs. Since 2011, Chicago Trust has been administering Steven's disability benefits. Roy Snisko Jr. ("Roy"), Peter Snisko, and Audrey Morgan ("Audrey") are Steven's siblings.

¶ 6        On May 16, 2017, Chicago Trust filed a petition for appointment of guardian of disabled person of the estate and person of Steven pursuant to Article XIa of the Illinois Probate Act of 1975, 755 ILCS 5/11a-1, *et seq.*, (Act) (petition) in the Probate Division of the Circuit Court of Cook County. The case was originally assigned to Judge Shauna L. Boliker ("Judge Boliker"). On May 24, 2017, notice of the petition was sent to Roy, Peter, and Audrey.

¶ 7      On June 23, 2017, Roy, Peter, and Audrey appeared before the circuit court at the presentation of the petition. At that time, Attorney Martin A. Spencer ("Attorney Spencer") sought leave to file his appearance on behalf of each of the siblings and was granted until July 17, 2017 to file his appearance, cross-petition, and proposed care plan. Thereafter, Attorney Spencer filed an appearance, cross-petition, and proposed care plan on behalf of Roy only. Neither Peter nor Audrey filed an appearance by July 17, 2017 or a motion requesting additional time to file their appearances. Additionally, there is no order in the record indicating that Peter or Audrey made an oral request for or were otherwise granted additional time to file their appearances at any time after July 17, 2017.

¶ 8      On July 21, 2017, Roy filed a motion seeking to substitute Judge Boliker as of right. The motion was granted and the matter was reassigned to Judge Kathleen McGury ("Judge McGury").

¶ 9      On October 3, 2018, following argument, testimony from each of Steven's siblings, a neurologist examination, and Judge McGury's own observations, Steven was adjudicated a disabled person. Judge McGury appointed Roy as the Plenary Guardian of the Person of Steven and Chicago Trust as the Plenary Guardian of the Estate of Steven ("2018 Guardianship Order" or "Order").

¶ 10      Following Judge McGury's retirement, the case was reassigned to Judge Susan Kennedy Sullivan ("Judge Kennedy Sullivan") on January 1, 2019. From 2019 through 2022, Chicago Trust filed petitions for annual accountings, petitions for fees for the guardian of the estate, and petitions for attorneys' fees, all of which were approved by Judge Kennedy Sullivan. Roy filed objections to Chicago Trust's petitions multiple times.

¶ 11      A. Peter's Appearance and Motion to Substitute as of Right

¶ 12    On January 28, 2022, Attorney Spencer filed an appearance without leave of court on behalf of Peter. The appearance indicated that Peter filed his appearance in his capacity as a family member and heir. Thereafter, on April 11, 2022, Peter filed the motion for substitution of judge as of right that is the subject of this appeal. In his motion for substitution, Peter argued that his request for substitution should be granted because Judge Kennedy Sullivan had not made any substantive rulings since the filing of his appearance in January 2022.

¶ 13    In response, Chicago Trust filed a brief in opposition to Peter's motion. Chicago Trust argued that Peter's motion for substitution should be denied because substitution was not permitted since there had already been hearings and Judge Kennedy Sullivan had already ruled on substantial issues in the case. Chicago Trust also argued that Peter failed to file a motion to intervene or set forth the grounds for intervention pursuant to section 2-408(e) of the Code, concluding that Peter's sole purpose for filing an appearance was to substitute Judge Kennedy Sullivan. Additionally, Chicago Trust requested sanctions pursuant to Illinois Supreme Court Rule 137(a), Ill. Sup. Ct. R. 137(a).

¶ 14    On reply, Peter argued that he had a right to intervene in the matter as Steven's sibling. Further, Peter claimed that Chicago Trust cherrypicked language contained in subsection 2-1001(a)(2)(ii) while ignoring subsection (iii) which allows substitution of a judge even when that judge has made substantial rulings if the party moving for substitution filed an appearance after those rulings. Peter also objected to the request for Rule 137 sanctions because his motion was reasonable and well-grounded in fact and law.

¶ 15    The circuit court heard oral argument on the motion on July 14, 2022. At oral argument, the circuit court questioned what capacity and standing Peter had to file an appearance and a motion to substitute in the matter when the guardianship of Steven's estate and person was

adjudicated in 2018. The circuit court also pointed out that she believed that "notice to all other persons interested" under section 11a-18(a-5) of the Act statute is different than standing to file an appearance in the matter. The circuit court issued an order which found that Peter's motion failed to address how Peter (1) could file an appearance without leave of court, (2) could be viewed as a "party", and (3) has a matter that would give rise to be considered a party. Ultimately, the circuit court denied Peter's appearance and his motion and entered and continued Chicago Trust's request for Rule 137 sanctions. There is nothing further in the record on the motion for sanctions, and neither party raises it as an issue in this appeal.

¶ 16                                    II. ANALYSIS

¶ 17        On appeal, Peter first argues that the circuit court erred in finding that he did not have standing to file an appearance because the Illinois Probate Act of 1975 includes heirs in its definition of "interested person[s]." Further, he argues that, pursuant to the Illinois Supreme Court Rules and the Cook County Circuit Court local rules, he was not required to seek leave of court to intervene or file his appearance. Finally, Peter argues that the circuit court erred in denying his motion for substitution of judge as of right because Judge Kennedy Sullivan had not made any substantive rulings after Peter filed his appearance.

¶ 18        Chicago Trust responds that Peter lacked standing to file an appearance or seek substitution of judge because he failed to first seek leave to intervene in the matter or otherwise obtain leave of court to file an appearance. Additionally, Chicago Trust argues that Peter's motion for substitution of judge was not timely because he failed to file the motion "at the earliest practicable moment" and instead waited to file the motion until now as a means to judge-shop.

¶ 19                            A. Relevant Statutory Provisions

¶ 20    Article XIa of the Illinois Probate Act of 1975 governs the guardianship of adults with disabilities. 755 ILCS 5/11a-1, *et seq.*

> "Sec. 11a-3. Adjudication of disability; Power to appoint guardian.
> (a) Upon the filing of a petition by a reputable person . . . , the court may adjudge a person to be a person with a disability . . . If the court adjudges a person to be a person with a disability, the court may appoint (1) a guardian of his person . . . , or (2) a guardian of his estate . . . , or (3) a guardian of his person and of his estate.
> . . .
> Sec. 11a-8. Petition. The petition for adjudication of disability and for the appointment of a guardian of the estate or the person or both of an alleged person with a disability must state, if known or reasonably ascertainable: . . . the name and post office addresses of the nearest relatives of the respondent in the following order: (1) the spouse and adult children, parents and *adult brothers and sisters*, if any . . .
> Sec. 11a-10. Procedures preliminary to hearing.
> . . .
> (f) Notice of the time and place of the hearing shall be given . . . to those persons, including the proposed guardian, *whose names and addresses appear in the petition*.
> . . .
> Sec. 11a-18. Duties of the estate guardian.
> . . .
> (a-5) The probate court, upon petition of a guardian . . . and after *notice to all other persons interested* as the court directs, may authorize the guardian to exercise any or all powers over the estate and business affairs of the ward that the ward could exercise if present and not under disability." 755 ILCS 5/11a-3(a), 11a-8, 11a-10(f), 11a-18(a-5) (emphasis added).

The Act defines "interested person" in relation to any particular action, power, or proceeding thereunder as:

> "one who has or represents a financial interest, property right or fiduciary status at the time of reference which may be affected by the action, power or proceeding involved, *including without limitation to an heir* . . ." 755 ILCS 5/1-2.11 (emphasis added).

¶ 21    Rule 13 of the Illinois Supreme Court Rules governs appearances, time to plead, and withdrawal. Rule 13(c) states:

> "An attorney shall file a written appearance or other pleading before addressing the court unless the attorney is presenting a motion for leave to appear by intervention or otherwise." Ill. Sup. Ct. R. 13(c)(1).

¶ 22    Like Rule 13, section 1.4 of the Illinois Rules for the Circuit Court of Cook County (Local

Rules) governs appearance and withdrawal of attorneys.

> "An attorney shall file his appearance before he addresses the court unless he is presenting a motion for leave to appear by intervention or otherwise." Ill. R. Cir. Ct. Cook Cnty. 1.4(a).

¶ 23    Section 2-408 of the Illinois Code of Civil Procedure (Code) governs intervention.

> "(a) Upon timely application anyone shall be permitted as of right to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by an order or judgment in the action; or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody or subject to the control or disposition of the court or a court officer." 735 ILCS 5/2-408.

¶ 24    Section 2-1001 of the Code governs substitution of judges, and subsection (a)(2) provides

for substitution as of right.

> "When a party timely exercises his or her right to a substitution without cause as provided in this paragraph (2).
>
> (i)     *Each party* shall be entitled to one substitution of judge without cause as a matter of right.
>
> (ii)    An application for substitution of judge as of right shall be made by motion and shall be granted if it is presented *before trial or hearing begins and before the judge to whom it is presented has ruled on any substantial issue in the case*, or if it is presented by consent of the parties.
>
> (iii)   If any party has not entered an appearance in the case and has not been found in default, *rulings in the case by the judge on any substantial issue before the party's appearance shall not be grounds for denying* an *otherwise timely application* for substitution of judge as of right by the party. 735 ILCS 5/2-1001(a)(2)" (emphasis added).

¶ 25                      B. Whether Peter Has Standing in the Probate Case

¶ 26    First, we address whether Peter had standing to appear as a party under the Act. If Peter did not have standing as a party, then we need not address whether his motion for substitution was timely as such motion would be improperly filed because only parties to an action may move for substitution of a judge as of right. *See* 735 ILCS 5/2-1001(a)(2)(i) ("Each *party* shall be entitled to one substitution of judge without cause as a matter of right." (emphasis added)).

¶ 27    The Act provides that a petition for adjudication of disability and the appointment of a guardian of the estate, person, or both must state "the name and post office address of the nearest relatives of the respondent in the following order: (1) the spouse and adult children, parents and adult brothers or sisters . . ." *Id.* at § 11a-8(e). Further, the Act provides that "[n]otice of the time and place of the hearing" must be given to those persons "whose names and addresses appear in the petition." *Id.* at § 11a-10(f).

¶ 28    Here, the question on appeal is not whether Peter, Steven's adult brother, was entitled to notice of the petition for adjudication of Steven's disability and appointment of guardianship of Steven's person and estate. The answer is yes pursuant to sections 11a-8 and 11a-10(f) of the Act. Relatedly, the question also is not whether Chicago Trust provided notice of the petition to Peter. The answer to that is also yes as no party disputes that notice of the petition was sent to each of the siblings, including Peter, on May 24, 2017. Rather, the question on appeal is whether Peter had standing to appear as a party more than 3 years following the adjudication of Steven's disability and appointment of the guardians.

¶ 29    Peter argues that his status as Steven's putative heir and, thus, as an "interested person" under the Act gave him standing to appear as a party in the guardianship matter. In support of his argument, Peter cites *In re Estate of Mivelaz*, 2021 IL App (1st) 200494, for his argument that heirs of a ward have standing to appear as parties after adjudication of disability and appointment

guardianship where they have a growing concern over the administration of the guardianship. Peter claims that *Mivelaz* is analogous to the instant matter.

¶ 30    However, *Mivelaz* is inapposite to the instant matter. In *Mivelaz*, contrary to Peter's argument, this appellate court found that the petitioners did not have standing to challenge the guardianship order because the petitioners' status as distant family members, or putative heirs, did not entitle them to notice under section 11a-10(f) of the Act. *Id.* at ¶¶ 92-94. Specifically, the court reasoned that the notice provision had been satisfied because the disabled's spouse was provided notice of the petition,[1] as such there was no reason to notify the petitioners. *Id.* at ¶ 94; *see* 755 ILCS 5/11a-8(e)(1), (2) (if the respondent does not have a spouse, adult children, parents, or adult siblings, then notice must be provided to the "nearest adult kindred known to the petitioner"). Furthermore, the appellate court found that, even if notice was not provided to the disabled's spouse under section 11a-8(e)(1), the notice complied with section 11a-8(e)(2) because the petitioners were not known or ascertainable at the time. *Mivelaz*, 2021 IL App (1st) 200494, ¶ 94.

¶ 31    Even though Peter misstated the concept of standing as it relates to a guardianship matter, *Mivelaz* demonstrates that persons who are required to be named in and provided notice of a petition to adjudicate disability and appoint a guardian have some standing in a guardianship matter. As Steven's adult sibling, Peter was entitled to notice of the petition and has some standing in the instant matter. However, the case law demonstrates that this standing is limited to "contesting the order adjudging a person disabled and appointing a guardian." *Id.* at ¶ 93 (citing *In re Estate of Steinfeld*, 158 Ill. 2d 1, 9-10 (1994)). In *Mivelaz*, the petitioners filed a petition pursuant to section 2-1401 of the Illinois Code of Civil Procedure to challenge the appointment of the guardians 3 years after the appointment order. *Mivelaz*, 2021 IL App (1st) 200494. Their late

---

[1] The disabled's spouse was also under guardianship. He was alive when the disabled's guardianship order was entered, but passed away prior to the entry of the estate planning order. *Id.* at ¶ 9, fn. 2, ¶ 13.

challenge was premised on their incorrect belief that they were entitled to, but did not receive, notice of the petition for guardianship of the disabled. *Id.*

¶ 32     Peter cites another case, *In re Estate of Steinfeld*, 158 Ill. 2d 1 (1994), for his proposition of standing which is also inapposite to the instant matter. In *Steinfeld*, the Illinois Supreme Court found that a sibling had standing to file a motion to vacate the guardianship order. *Id.* The sibling sought to challenge the order by arguing that it was void *ab initio* because the petition for guardianship was not accompanied by a medical report. *Id.* at 8-18.

¶ 33     These cases are readily distinguishable from the instant matter. Unlike the family members in *Mivelaz* and *Steinfeld*, to date, Peter has never filed any motion or petition contesting the 2018 Guardianship Order which adjudicated Steven's disability and appointed guardians of the estate and person, nor has he set forth any legal authority or factual basis for challenging the Order. Instead of seeking to contest the Order, Peter merely filed a motion for substitution of judge 73 days after his appearance. Before this court, Peter has confirmed that he sought to file an appearance "out of growing concern over his brother['s] [] welfare, assets and *the Court's temperament and rulings . . .*" (emphasis added). None of which amount to a desire or basis to contest the 2018 Guardianship Order. At present, it is unclear whether Peter even seeks to contest the Order rather than merely seeking to substitute the sitting trial court judge.

¶ 34     Peter also cited a number of cases in which putative heirs filed petitions to contest wills. *See In re Estate of Schlenker*, 209 Ill. 2d 456 (2004) (daughter filed a petition to contest the validity of her father's will based upon her father's lack of testamentary capacity and the executor's alleged breaches of fiduciary duties and undue influence); *In re Estate of Schumann*, 2016 IL App (4th) 150844 (step-children filed a petition to contest the validity of a will which devised the entirety of their step-father's estate to his caretaker on the basis that the caretaker exerted undue influence

over their step-father). However, in each of these cases, while the putative heirs were found to have standing to contest the wills, unlike Peter, the heirs had filed petitions or motions which actually contested the wills on a factual or legal basis.

¶ 35    During oral argument on the motion for substitution of judge as of right, Judge Kennedy Sullivan addressed Peter's lack of standing.

> "THE COURT: My next question to you is what standing do you have to file a motion for substitution when – what standing do you have to be asking for this?
>
> MR. SPENCER: Well, under the rule, your Honor, any party can ask for it.
>
> THE COURT: Are you a party?
>
> MR. SPENCER: He's a party, yes.
>
> THE COURT: How is he a party?
>
> MR. SPENCER: He has an appearance on file. That was – which I've provided the court with.
>
> THE COURT: Well, do you find any distinction between a case – for example, a litigation case where issues have not been resolved versus a guardianship case where there's already been an adjudication quite some years ago prior to my sitting in this room? And at this stage I don't know even what your purpose is coming in.
>
> . . .
>
> THE COURT: He's a family member, but he's not the guardian. Do you happen to know whether he was part of the litigation last year in this matter?
>
> MR. SPENCER: No, your Honor. He's a respondent but, no, he's never been part of the litigation. That's why we filed an appearance on his behalf, and once we filed –
>
> THE COURT: Sir, what do you mean by respondent?
>
> MR. SPENCER: He's a respondent. He was one of the parties – one of the siblings that Counsel's firm initially sent their motion or their petition for guardianship. They sent them to Peter, to Roy, and to their sister.
>
> THE COURT: Okay. Is your client or Roy named in the caption?
>
> MR. SPENCER: I'm not sure what you mean, your Honor.
>
> THE COURT: You say they're a respondent. A respondent has to be cited in the caption. Is your client –
>
> . . .

> THE COURT: . . . Is your client identified in the caption of the case?
>
> MR. SPENCER: Your Honor, obviously this is a guardianship for a disabled person. They wouldn't be in the caption of the case.
>
> THE COURT: Well, then I don't think he's the respondent then."

¶ 36     Sections 11a-8 and 11a-9 of the Act assist in identifying the parties to an action for adjudication of disability and guardianship of the person and estate. Specifically, section 11a-8 identifies the petitioner as having filed the petition and requires the petitioner to state its relationship to and interest in the respondent. *See* 755 ILCS 5/11a-8 (requiring petitioner to provide the respondent's contact information, nearest relatives, and estate value and income within the petition). Section 11a-9 identifies the respondent as the person with the alleged disability. *See* 755 ILCS 5/11a-9 (requiring "a description of the nature and type of the respondent's disability an assessment of how the disability impacts on the ability of the respondent to make decisions or to function independently . . .").

¶ 37     As indicated above, Peter has not filed a petition for guardianship of Steven's person or estate. Nor has Peter ever been a respondent in the matter as identified by section 11a-9 of the Act. While Peter's status as Steven's adult sibling entitled him to notice of the petition, it does not, in itself, confer him standing in the matter. Peter failed to file a cross-petition in the matter and to date has not filed any petition or motion to contest the 2018 Guardianship Order on either a factual or legal basis. Peter did not have standing to appear in the probate matter because he was not a petitioner, cross-petitioner, guardian, or respondent, and because he did not seek to challenge the underlying guardianship order.

¶ 38           C. Whether Peter was Required to Seek Leave to Appear or to Intervene

¶ 39     Next, we address whether Peter was required to seek leave of court to appear or to intervene under the Illinois Supreme Court Rules and Illinois Code of Civil Procedure. Even if Peter's status

as Steven's adult sibling gave him standing in the probate matter notwithstanding his failure to file a cross-petition or otherwise challenge the underlying 2018 Guardianship Order, Peter's appearance failed to conform with Illinois Supreme Court Rules and the Illinois Code of Civil Procedure governing appearances and intervention. On January 28, 2022, more than 3 years following the adjudication of Steven's disability and appointment of Steven's guardians, Peter filed his appearance. He did not file an accompanying motion to intervene or for leave to appear at any point thereafter. Likewise, he never orally requested leave to appear. Nor did he argue that he was entitled to intervene under section 2-408 of the Illinois Code of Civil Procedure, let alone attempt to demonstrate that he met the requirements for intervention. Instead, on April 11, 2022, Peter filed a motion to substitute Judge Kennedy Sullivan as of right pursuant to section 2-1001(a)(2) of the Illinois Code of Civil Procedure.

¶ 40       Peter claims that Rule 13(c)(1) blanketly allows him to file an appearance in the matter at any time so long as he did not present a motion to intervene or otherwise seek leave to appear. Ill. Sup. Ct. R. 13(c)(1) ("An attorney shall file a written appearance or other pleading before addressing the court unless the attorney is presenting a motion for leave to appear by intervention or otherwise."); *see* Cook County Cir. Ct. R. 1.4(a) (Dec. 15, 1982) ("An attorney shall file his appearance before he addresses the court unless he is presenting a motion for leave to appear by intervention or otherwise.").

¶ 41       Notwithstanding that Peter's argument is premised on his belief that his status as an adult sibling or putative heir alone gave him standing as a party, Peter's interpretation would lead to an impermissible application of the Rules. Under Peter's theory, any party who does not timely file an appearance pursuant to court order or Illinois Supreme Court Rule 101, as well as any non-party who seeks to appear in a matter, may file an appearance at any point in the case, even after trial,

so long as the party or non-party does not seek to intervene or leave to appear. Not only would Peter's interpretation of Rule 13(c)(1) render motions to intervene or for leave to appear moot as parties would simply file their appearances, but it would allow parties to disregard the Illinois Supreme Court Rules dictating timely appearances as well as court orders providing deadlines for appearances.

¶ 42    Furthermore, a review of the case law demonstrates that leave of court must be sought prior to filing an appearance when the party is filing an appearance more than 30 days after of receipt of service. *See J.P. Morgan Mortgage Acquisition Corp. v. Straus*, 2012 IL App (1st) 112401. Illinois Supreme Court Rule 101(d) provides that "the summons shall require each defendant to file his answer or otherwise file his appearance within 30 days after service . . ." Ill. Sup. Ct. R. 101(d).

¶ 43    The *Straus* court specifically held that "Rules 13 and 101 require that an appearance be filed within 30 days of receipt of service and a party must file such an appearance before addressing the court – unless presenting a motion for leave to appear by intervention or otherwise . . . [T]his leads us to the conclusion that leave of court must be sought prior to filing an appearance after 30 days . . . This also comports with commonsense considerations for the efficient and proper administration of justice to assure the court and parties are properly apprised of the parties and their representation." *Straus*, 2012 IL App (1st) 112401, ¶ 15.

¶ 44    Peter cites *Sullivan v. Eichmann*, 213 Ill. 2d 82, (2004), for the proposition that he was not required to seek leave to enter an appearance. While *Sullivan* confirms that generally "leave is not required when an attorney seeks to enter an appearance," it also points out that "some limitations do apply" to this principle. *Id.* at 90-91 (citing *Firkus v. Firkus*, 200 Ill. App. 3d 982, 990 (5th Dist.

1990)). One such limitation is the one articulated by the *Straus* court: an individual who has failed to timely file their appearance must seek leave of court to appear in the matter.

¶ 45     The record demonstrates that Peter was given notice of the petition on May 24, 2017. Thereafter, he was present in court on June 23, 2017 for the initial presentment of the petition. At which time, he was granted until July 17, 2017 to file his appearance and cross-petition. However, he failed to file either an appearance or cross-petition by that time. Subsequently, the trial court adjudicated Steven as disabled and appointed Chicago Trust as guardian of his estate and Roy as guardian of his person on October 3, 2018. Peter then filed his appearance in January 2022, more than 4 years after he was granted leave and more than 3 years after the adjudication of Steven's disability and guardianship. Peter never requested additional time to file his appearance and he was never granted leave to file his appearance. Pursuant to Rules 13 and 101, if Peter wished to file an appearance at any point after July 17, 2017, he was required to seek leave of court.

¶ 46     Further, in the instant matter, where the petition has been adjudicated more than 3 years prior and where an adult sibling was granted leave to, but failed to, file an appearance and cross-petition, it is unclear that the adult sibling would be able to move for leave to appear without demonstrating that he should be permitted to intervene pursuant to section 2-408 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-408.

¶ 47     Intervention in a matter may be permissive or as a matter of right. In *In re Estate of Mueller*, 275 Ill. App. 3d 128 (1st Dist. 1995), the court held that "[a] party is allowed to intervene as of right when a statute confers the unconditional right to intervene, when a party who will be bound by an order or judgment in the action will not be adequately represented by existing parties, or when a party will be adversely affected by the disposition of property subject to the control of the court. (735 ILCS 5/2-408)(a) (West 1992).) Permissive intervention is subject to the court's

discretion and may be allowed when a statute confers a conditional right to intervene or when an applicant's claims and the main action concern a common question of law or fact. (735 ILCS 5/2-408(b) (West 1992).) In the case of both permissive intervention and intervention as of right, the motion to intervene must be made in a timely manner. (*People ex rel. Hartigan v. Illinois Commerce Commission* (1993), 243 Ill. App. 3d 544, 548, 183 Ill. Dec. 673, 611 N.E.2d 1321.)." *In re Estate of Mueller*, 275 Ill. App. 3d 128, 139-40 (1st Dist. 1995).

¶ 48    As Peter is not a petitioner, cross-petitioner, respondent, or guardian in the instant matter, the proper procedure would be to file a motion for leave to intervene pursuant to section 2-408 of the Code. However, Peter failed to file a motion or argue that he was entitled to intervene whether as of right or permissive. Finally, Peter made no argument whether his intervention would be timely given that the petition had been adjudicated 3 years prior.

¶ 49    Peter has not cited any authority which demonstrates that a person who received proper notice of a petition for adjudication of a disability and appointment of a guardian and was granted leave to, but failed to, timely appear, may later file an appearance seeking to substitute a sitting judge with no accompanying petition or motion to challenge the underlying guardianship order. Because we find that Peter did not have standing to appear where he did not seek to contest the 2018 Guardianship Order and where he failed to seek leave to intervene or otherwise appear, we need not address the timeliness of Peter's motion for substitution as of right.

¶ 50                                    III. CONCLUSION

¶ 51    For the reasons stated, we affirm the judgment of the circuit court denying Peter's appearance and motion for summary judgment.

Affirmed.