NOTICE
Decision filed 04/10/19. The text of this decision may be changed or corrected prior to the filing of a Peti ion for Rehearing or the disposition of the same.

2019 IL App (5th) 170473

NO. 5-17-0473

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| GODFREY HEALTHCARE AND REHABILITATON CENTER, LLC, | ) ) ) | Appeal from the Circuit Court of Madison County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 16-L-1775 |
| JOHN TOIGO, | ) ) ) | Honorable A.A. Matoesian, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court, with opinion.
Justices Moore[*] and Barberis concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff, Godfrey Healthcare and Rehabilitation Center, LLC filed a three-count complaint against defendant, John Toigo, for services provided to Toigo while he was a resident in a nursing care facility. Plaintiff alleged a breach of contract and, in the alternative, equitable theories of recovery. Defendant Toigo—through his son and next friend, Michael Toigo (Michael)—filed an answer to plaintiff's amended complaint and included affirmative defenses related to plaintiff's lack of standing to file the contractual and equitable claims. The circuit court of Madison County entered a default judgment in favor of plaintiff and against defendant. Defendant appeals from the circuit court's order, granting plaintiff's oral motion for a default

_____
[*]Justice Goldenhersh was originally assigned to participate in this case. Justice Moore was substituted on the panel subsequent to Justice Goldenhersh's retirement and has read the briefs and listened to the recording of oral argument.

1

judgment, and the subsequent order denying his *pro se* motion to vacate the default judgment pursuant to section 2-1301(e) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1301(e) (West 2014)). We reverse and remand.

¶ 2                                       I. BACKGROUND

¶ 3      On June 1, 2011, defendant Toigo was admitted to a nursing home facility operated by SA-ENC-Blu Fountain, LLC d/b/a Blu Fountain Manor (BFM) located in Godfrey, Illinois. At the time of his admission, defendant Toigo was suffering from myriad medical conditions related to a stroke. His spouse, Kathleen Toigo, signed multiple medical-related forms, including a document entitled, "Admission Agreement—Illinois" (Agreement). The Agreement identified BFM as the "Health Care Center," and John Toigo as the "Resident." The Agreement did not identify a responsible party for defendant Toigo, although Kathleen Toigo was the signatory as "wife" on several of the documents. The Agreement contained certain provisions wherein the Health Care Center would provide defendant Toigo personal care services, including room, board, laundry, medicines, and treatment.

¶ 4      On December 21, 2016, plaintiff filed an unverified, three-count complaint against defendant Toigo, alleging that he owed certain monies to plaintiff for the services provided to him under the original Agreement with BFM. Count I alleged breach of contract and claimed that defendant Toigo owed plaintiff $121,250.14. In support of this count, plaintiff attached an invoice dated 12/1/2016, from an entity identified as Integrity. Although not pled in the alternative, count II was based upon a theory of *quantum meruit*, and count III alleged unjust enrichment. The following notice, in bold type, was set forth immediately following the signature line for the attorney filing the complaint:

"NOTICE TO DEBTOR

2

If the Fair Debt Collection Practices Act applies you have the right to dispute all or any part of the debt. Additionally, you have the right to receive a verification of the debt if you request it within the above stated time limitations. Further, you have the right to receive information relative to the name and address of the original creditor if not the same as the current creditor.

If you are entitled to protection under the Soldiers and Sailors Civil Relief Act of 1944, as amended, please provide us with a copy of the notice of benefits you received pursuant to 50 U.S.C. Appx. § 515."

¶ 5     In its complaint, plaintiff alleged that on January 14, 2011, an entity known as Godfrey Rehabilitation and Nursing Center, LLC had acquired all contracts, rights, title, and interests from Blu Fountain Manor. Plaintiff further alleged that on that same date, Blu Fountain Manor had also transferred all existing agreements with "residents and any guarantors thereof" to the Godfrey Rehabilitation and Nursing Center, LLC. Plaintiff asserted that on January 31, 2014, Godfrey Rehabilitation and Nursing Center, LLC "assigned all of its contracts, rights, title and interests, including the assignment of resident agreements acquired from Blue Fountain Manor to Plaintiff Godfrey Healthcare and Rehabilitation Center, LLC."

¶ 6     Plaintiff alleged that it had continued to provide personal care services to defendant Toigo under the Agreement, but that defendant Toigo had failed to pay for those services. In each count of the complaint, plaintiff claimed that the outstanding balance on defendant's account was $121,250.14, and it sought a judgment in that amount, plus interest and attorney fees. A copy of the original Agreement signed by defendant, Kathleen Toigo, and Blu Fountain Manor was appended to the complaint. A billing statement with the name "Integrity," dated

December 1, 2016, showing an outstanding balance of $121,250.14 for defendant Toigo, was also appended to the complaint.

¶ 7     On December 27, 2016, plaintiff filed an affidavit of damages, executed by Kara Buttry, an administrator for Godfrey Healthcare and Rehabilitation Center, LLC. According to the affiant, as of the date of the execution of the affidavit, defendant Toigo owed plaintiff a total of $143,964.74. This sum included $536 for costs and service fees, $7151.50 for attorney fees, $121,250.14 in principal, and $15,027.10 in interest.

¶ 8     On December 30, 2016, plaintiff's counsel mailed a "Notice of Discovery Deposition" of defendant Toigo to an attorney who had not yet entered her appearance in the litigation. On January 6, 2017, plaintiff's counsel mailed a "Notice of Discovery Deposition" for defendant's son, Michael Toigo. This notice was, again, sent to an attorney who had not yet filed her entry of appearance on behalf of defendant Toigo. Both notices indicated that the witnesses were to be deposed on January 25, 2017, less than 30 days after the filing of the original complaint.

¶ 9     On January 12, 2017, defendant's counsel filed her entry of appearance and a petition for the appointment of defendant's son, Michael Toigo, as next friend of John Toigo. The petitioner, Michael, asserted that he was the natural son and duly appointed Power of Attorney of John Toigo. Michael further asserted that defendant Toigo resided in a nursing home, suffered from multiple infirmities, and was unable to represent himself in the action.

¶ 10    On January 23, 2017, plaintiff filed a response in opposition to the petition. Plaintiff's pleading in opposition argued, among other things, that Michael had failed to attach an affidavit in support of his contentions that defendant Toigo was infirm and unable to represent himself. Plaintiff also alleged that the petition failed to attach an exhibit evidencing the fact that Michael was the duly appointed Power of Attorney for John Toigo. According to plaintiff's pleading, the

4

trial court was incapable of determining "whether any conflicts of interests exist with respect to the appointment of Michael Toigo, or if there are any other sufficient reasons to disqualify Michael Toigo from being appointed as next friend." Therefore, plaintiff requested that the court deny the petition for the appointment of Michael as next friend of defendant Toigo.

¶ 11    On January 24, 2017, the parties appeared before the trial court for a hearing on all pending motions. On that day, counsel for defendant Toigo filed an emergency motion for a protective order and asked the court to quash defendant Toigo's deposition and delay the deposition of Michael Toigo. Counsel argued that plaintiff had served deposition notices prior to the time defendant was required to enter an appearance, without leave of court, in violation of Illinois Supreme Court Rule 201(d) (eff. July 1, 2014). Counsel further argued that defendant Toigo's deposition should be quashed because defendant Toigo was not competent to testify, given that he was 92 years old, deaf, did not use sign language, and had been diagnosed with multiple infirmities, including Alzheimer's disease and dementia. As for the deposition of Michael Toigo, counsel requested that the deposition be set on a mutually agreeable date when timely notice has been served. Counsel also filed a motion for extension of time pursuant to Illinois Supreme Court Rule 183 (eff. Feb. 16, 2011), asking for additional time in which to respond to plaintiff's discovery requests. Counsel indicated that she was working diligently to complete the answers to the discovery propounded by defendant, but the "Interrogatories, Request For Production and Request for Admissions" asked for some information that went back five years, and perhaps even longer.

¶ 12    There is no transcript of proceedings and no bystander's report from the hearing held January 24, 2017. The record does reveal, however, that two court orders were entered that day. The court appointed Michael Toigo as "Next Friend of John Toigo." The court also entered an

order giving defendant Toigo until March 2, 2017, to answer written discovery, and directed that the depositions of Michael Toigo and John Toigo be taken on February 15, 2017. In a subsequent order entered January 31, 2017, defendant Toigo was given an additional extension to respond to discovery by March 19, 2017.

¶ 13    On March 31, 2016, Michael Toigo, as Next Friend of the defendant, John Toigo, filed a motion to dismiss plaintiff's complaint. In that motion, defendant[1] argued the complaint should be dismissed because plaintiff lacked standing to bring the cause of action. Specifically, defendant pointed out that the action was based upon an alleged agreement, wherein BFM was the party to the Agreement, not Godfrey Healthcare. Defendant pointed out that plaintiff had not attached any documents demonstrating that defendant's Agreement with Blu Fountain Manor had been assigned to plaintiff. Without such documentation, as required by section 2-606 of the Code (735 ILCS 5/2-606 (West 2014)), defendant claimed that plaintiff had no standing to bring the litigation. Defendant also argued that count II and count III of the complaint failed to state a cause of action because the count set forth equitable theories of recovery based upon the absence of an enforceable contract. These theories were inapposite to plaintiff's arguments in count I that alleged an enforceable contract. Additionally, the counts brought in equity alleged the existence of a contract.

¶ 14    In its response filed February 3, 2017, plaintiff Healthcare characterized defendant's motion to dismiss for lack of standing as "preposterous" and asserted that the motion to dismiss was a tactic employed to avoid answering the complaint. Plaintiff argued that the assignment of the Agreement was clearly alleged in count I. Plaintiff also attached to its response various documents intended to reflect the alleged transfer of interest from BFM to Godfrey

---

[1]The term "defendant," as used hereafter, includes John Toigo, as well as Michael Toigo, as the Next Friend of John Toigo.

Rehabilitation and Nursing Center, LLC, to Godfrey Healthcare. With regard to counts II and III, plaintiff sought leave to amend by interlineations in order to remove those allegations claiming the existence of a valid contract.

¶ 15    Following a hearing on February 24, 2017, the court dismissed the complaint, without prejudice, and granted plaintiff leave to file an amended complaint within 30 days. Defendant was given 30 days to file a responsive pleading from the date plaintiff filed its amended complaint.

¶ 16    On February 27, 2017, defendant filed an emergency motion to stay all discovery until 30 days after the amended complaint was served. Defendant argued that the lawsuit had been dismissed and that defendant had been granted 30 days after the filing of the amended complaint to file a responsive pleading. Defendant wanted the opportunity to review plaintiff's amended complaint prior to responding to discovery. Defendant Toigo claimed he would be "severely prejudiced and suffer unreasonable annoyance, expense, embarrassment, disadvantage, or oppression by being deposed on February 28, 2017," as well as by having to answer written discovery that included responding to a request for admission due March 16, 2017.

¶ 17    Again, there is no report of proceedings or bystander report for the hearing held February 24, 2017, on defendant's emergency motion. There is, however, a written order from the trial court, entered February 27, 2017, which indicated plaintiff was granted leave to amend its complaint to cure certain defects in its pleading. The court specifically indicated that the purpose of its ruling was

> "to allow Plaintiff to cure certain defects in its Complaint—specifically: 1) to attach to its Complaint not only the contract upon which its claim was based, which was between Defendant and a third party, but also the documents which demonstrate Plaintiff had

7

acquired the third party's rights under the original agreement; and 2) to clarify the extent to which certain of Plaintiff's causes of action are asserted in the alternative and the specific facts upon which each such claim is based."

¶ 18    The February 27, 2017, order also reveals that plaintiff represented it was filing its amended complaint that same day. Therefore, the court denied defendant's motion to stay all written discovery. The trial court did, however, grant a limited protective order continuing the depositions of John Toigo and Michael Toigo in order to allow defendant the opportunity to consider any additional facts or issues raised by plaintiff's amended complaint.

¶ 19    On February 27, 2017, as represented to the court, plaintiff filed its first amended complaint, as it had represented would be done. The complaint contained three counts. Count I was again based on breach of contract and alleged that defendant had refused to pay the amounts defendant Toigo owed for the services rendered to him pursuant to the original Agreement. Plaintiff now alleged that the current balance owed was $143,964.74, including $536 in costs and service fees, $7151.50 for attorney fees, $121,250.14 in principal, and $15,027.10 in interest. Counts II and III were pleaded in the alternative to count I and sought the same money damages under the respective theories of *quantum meruit* and an account stated. The amended complaint contained the same bold-faced "Notice To Debtor" language as contained in the original complaint. There is no certificate of service in the record indicating that the first amended complaint was ever served on defendant Toigo or his counsel.

¶ 20    In accordance with the prior orders of the court, defendant served plaintiff with answers to plaintiff's requests for admission on March 1, 2017. The next day, March 2, 2017, defendant responded to plaintiff's answers to interrogatories and request for production.

¶ 21    On March 10, 2017, plaintiff filed a motion to compel defendant Toigo and "third party fact witness, Mike Toigo," to appear for depositions on or before March 31, 2017. Plaintiff argued that defendant repeatedly sought to continue the depositions and that defense counsel "refused to make Deponents available on the Court Ordered date" of February 15, 2017. Plaintiff also claimed that it was apparent defense counsel would not agree to make the deponents available for deposition without a court order. In a written response, dated March 27, 2017, defendant reminded the court that it had ordered the depositions to be delayed until defendant had an opportunity to review the amended complaint and that plaintiff filed an amended complaint on February 27, 2017, but did not serve it on defendant. Defendant also submitted copies of letters between counsel for both parties wherein the attorneys for the respective parties attempted to schedule mutually agreeable deposition dates for John Toigo and Michael Toigo. Defendant asked the court to deny plaintiff's motion to compel.

¶ 22    On March 22, 2017, defendant filed a motion for extension of time to file a response or an answer to the first amended complaint. Defendant noted that plaintiff filed its first amended complaint on February 27, 2017, but did not serve defendant with a copy of the amended complaint until March 14, 2017. Defendant requested leave to file a response on or before April 21, 2017. The motion was granted, without objection.

¶ 23    On March 27, 2017, defendant filed a motion to dismiss the amended complaint. As before, defendant alleged that plaintiff lacked standing to pursue the claim pursuant to the original Agreement. The motion to dismiss count I referred back to the court's order of February 27, 2017, wherein the trial court indicated that plaintiff had failed to attach sufficient documentation to show that it had acquired the third-party rights to bring the claim pursuant to the original Agreement between BFM and defendant Toigo. Defendant also raised section 2-606

9

of the Code (735 ILCS 5/2-606 (West 2014)), which required plaintiff to attach the written instrument, or in lieu thereof, an affidavit that showed plaintiff's right to pursue the claim against defendant Toigo.

¶ 24   Subsequent to defendant filing its second motion to dismiss, the parties engaged in filing a flurry of pleadings. To recount each pleading would unnecessarily lengthen this already extensive disposition. It is sufficient to note that the parties continued to battle over the sufficiency of the first amended complaint, especially the issue of standing as it related to plaintiff's ability to bring the claim pursuant to the Agreement. The parties also again involved the court in the scheduling of depositions of defendant Toigo and Michael.

¶ 25   On May 3, 2017, defendant's counsel filed a motion to withdraw as defendant's attorney of record, along with a motion to stay the proceedings for 60 days to allow defendant to secure substitute counsel. The motions indicated that defendant's answer to plaintiff's amended complaint and answers to discovery were due May 7, 2017, and that the depositions of John Toigo and Michael Toigo were set for May 17, 2017. The certificate of service shows the motions were mailed to plaintiff on May 2, 2017.

¶ 26   In an order entered May 3, 2017, the trial court granted defense counsel's motion to withdraw. The record does not reveal whether the trial court held a hearing on these motions. With regard to the motion to withdraw as attorney for defendant Toigo, the court noted that defendant Toigo had been sent a copy of the motion by certified mail, in compliance with Illinois Supreme Court Rule 13 (eff. July 1, 2013), and granted defense counsel's motion to withdraw. The court order identified, specifically, defendant Toigo's last known address in Godfrey, Illinois, and ordered that "service of further notice or other papers should be made on Defendant at the aforesaid last known address unless supplementary appearance is made by him." The court

advised that defendant should retain other counsel or "file with the Clerk of the Court, within 21 days after entry of the Order of Withdrawal[,] your supplemental appearance stating therein an address at which service of Notices and other papers may be had on you." The court also ordered withdrawing counsel to send a copy of the order to defendant Toigo. In a separate order, also dated May 3, 2017, the court granted the motion for a 60-day stay of proceedings.

¶ 27    On May 5, 2017, Michael Toigo filed a verified answer to plaintiff's first amended complaint. As a part of his answer, Michael also filed a verified denial of plaintiff's contention regarding the claimed assignment of the Agreement, alleging that plaintiff had failed to attach any documentation evidencing its right to bring the claim. Defendant also raised affirmative defenses. These included plaintiff's lack of standing, as well as a claim pursuant to the Fair Debt Collections Practices Act (15 U.S.C. § 1692(g) (2002)) for "verification of the debt, and a strict accounting of all interest and fees charged by Plaintiff expressed in an effective annual percentage rate, so that he [(defendant)] can determine whether Plaintiff is charging usurious and unenforceable amounts of interest and fees." In addition to Michael's signed verifications, defense counsel also signed the pleadings. The certificate of service indicated that defendant's answer and verified denial were sent after May 3, 2017, the date upon which the trial court had granted defense counsel's motion to withdraw.

¶ 28    On May 9, 2017, defense counsel sent her client a notice of withdrawal as counsel. This notice was mailed in compliance with the trial court's order of May 3, 2017, and after the filing of defendant's responsive pleadings to plaintiff's amended complaint. The record is devoid of any information that would explain why defense counsel filed responsive pleadings after the court had granted counsel's motion to withdraw.

11

¶ 29    On May 18, 2017, plaintiff filed a motion to reconsider the order allowing defendant's attorney to withdraw and the order granting a 60-day stay of proceedings, along with a notice of hearing for June 2, 2017. In support of its motion, plaintiff argued that defense counsel had not complied with the mandates of Rule 13, and therefore, the court should vacate its order allowing defense counsel to withdraw. Plaintiff also asked the court to set aside its order granting a stay of discovery and to require that defendant respond "within seven (7) days" to all outstanding discovery requests. Finally, plaintiff asked that the court require defendant Toigo and Michael to appear for their depositions, or be subject to indirect contempt proceedings.

¶ 30    Plaintiff's motion to reconsider and notice of hearing for June 2, 2017, were not sent to defendant Toigo or Michael at the address identified in the May 3, 2017, order, even though the order specifically directed that all notices and motions should be served on defendant at his last known address.[2] Instead, plaintiff served the motion and notice of hearing on defendant's counsel of record as of the date prior to May 3, 2017.

¶ 31    At the hearing on June 2, 2017, only plaintiff appeared. There is no transcript of proceedings or bystander's report in the record. The following order was entered that day:

> "Above Matter comes before the Court for hearing on Plaintiff's Motion to Reconsider this Court's May 3, 2017[,] Order staying proceedings herein. For Good Cause Shown, the Motion to Reconsider is hereby granted and the May 3, 2017[,] Stay order is hereby vacated. On oral Motion of Plaintiff[,] the Defendant is found and held to be in Default for failing to enter substitute appearance herein, and Default Judgment is entered in favor of Plaintiff Godfrey Healthcare and Rehabilitation Center, LLC and against Defendant John Toigo on all Counts of Plaintiff's Complaint. Plaintiff to file within 14 days an

---

[2]As noted previously, the address was set forth in the May 3, 2017, order.

updated affidavit of damages which shall be deemed incorporated by reference into this Judgment."

There is nothing in the record indicating this order was ever served on defendant Toigo, Michael, or defendant's former counsel. Notably, the trial court did not rule on that portion of plaintiff's motion that complained of defense counsel's noncompliance with Rule 13.

¶ 32    Plaintiff filed an updated affidavit of damages on June 14, 2017. This affidavit indicated that the amount owed to plaintiff was $170,465.97. The sum included $536 in costs and service fees, $24,166.50 in attorney fees, $121,250.14 in principal, and $24,513.33 in interest. The certificate of service indicated that the affidavit of damages was mailed to defendant's former attorney on June 9, 2017. There is no indication that the affidavit was served on defendant.

¶ 33    On July 3, 2017, defendant Toigo and Michael filed a joint, *pro se* motion to vacate the default judgment entered by the court on June 2, 2017. The motion was filled out on a form supplied by the circuit clerk's office and contained the verification found in section 1-109 of the Code (735 ILCS 5/1-109 (West 2014)). Michael filed a separate affidavit in support of the motion. Defendant Toigo and Michael both attested that defendant Toigo was held in default because he failed to appear for a hearing on June 2, 2017. They further averred that defendant Toigo did not appear for the hearing because he "never received any Motion to Reconsider the 60 day stay," and he did not receive "prior notice that any such Motion had been filed or that a hearing had been scheduled for June 2, 2017." Defendant mailed his motion to vacate the default judgment to plaintiff that same day. The court set the motion to vacate the default judgment for hearing on November 3, 2017.

13

¶ 34 On November 3, 2017, plaintiff, through its counsel, and Michael appeared for the hearing on defendant's motion to vacate the default judgment. There is no transcript of the proceedings or bystander's report in the record. The following order was entered:

"Above matter coming before the Court for hearing on Defendant's Motion to Vacate this court's June 2, 2017[,] Default Judgment. Plaintiff appears by counsel of record and John Toigo appears by Mike Toigo. The Court having reviewed the pleadings, evidence and arguments raised, hereby finds the Motion to Vacate fails to meet the requirements of Supreme Court Rules and the Illinois Code of Civil Procedure, and no good faith basis exists to vacate this Court's prior Judgment, and the Defendant's Motion is hereby denied."

¶ 35                                     II. ANALYSIS

¶ 36 On appeal, defendant contends that the trial court erred in vacating the May 3, 2017, order granting the 60-day stay and that the trial court's order of June 2, 2017, granting a default judgment in favor of plaintiff and against defendant Toigo on all counts of the complaint, was in error. Defendant also claims that the court abused its discretion on November 3, 2017, when it denied defendant's motion to vacate the default judgment. In response, plaintiff argues that the default judgment was properly granted because defendant was in default for "want of an appearance," following the withdrawal of his attorney. Plaintiff further argues that the motion to vacate the default judgment was properly denied because defendant failed to offer adequate reasons for his failure to appear at the hearing on June 2, 2017, and failed to exercise due diligence in following the progress of his case.

¶ 37 Defendant's *pro se* motion to vacate the default judgment did not specify the statutory basis upon which defendant relied. As previously noted, defendant used a form provided by the

14

clerk of the court. Nevertheless, defendant's motion to vacate the default judgment was governed by section 2-1301(e) of the Code (735 ILCS 5/2-1301(e) (West 2014)). Section 2-1301(e) provides that "[t]he court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." 735 ILCS 5/2-1301(e) (West 2014).

¶ 38     Our review of the trial court's denial of a motion to vacate filed pursuant to section 2-1301 is for an abuse of discretion. *Aurora Loan Services, LLC v. Kmiecik*, 2013 IL App (1st) 121700, ¶ 26, 992 N.E.2d 125. A trial court abuses its discretion when it " 'acts arbitrarily without the employment of conscientious judgment or if its decision exceeds the bounds of reason and ignores principles of law such that substantial prejudice has resulted.' " *Aurora Loan Services, LLC*, 2013 IL App (1st) 121700, ¶ 26 (quoting *Marren Builders, Inc. v. Lampert*, 307 Ill. App. 3d 937, 941, 719 N.E.2d 117, 121 (1999)). Additionally, the reviewing court must determine whether the trial court's decision " 'was a fair and just result, which did not deny [the moving party] substantial justice.' " (Internal quotation marks omitted.) *Aurora Loan Services, LLC*, 2013 IL App (1st) 121700, ¶ 26 (quoting *Deutsche Bank National v. Burtley*, 371 Ill. App. 3d 1, 5, 861 N.E.2d 1075, 1080 (2006)).

¶ 39     In exercising its discretion, the trial court must be mindful that a default judgment is a drastic remedy that should be used only as a last resort. *In re Haley D.*, 2011 IL 110886, ¶ 69, 959 N.E.2d 1108. The law prefers that controversies be determined according to the substantive rights of the parties; the provisions of the Code governing relief from a default judgment are to be liberally construed toward that end. See *In re Haley D.*, 2011 IL 110886, ¶ 69. A party seeking to vacate a default judgment under section 2-1301(e) need not allege the existence of a

meritorious defense or a reasonable excuse for not having asserted the defense. *In re Haley D.*, 2011 IL 110886, ¶ 69. The overriding consideration is whether substantial justice is being done between the litigants, and whether it is reasonable, under the circumstances, to compel the parties to go to trial on the merits. *In re Haley D.*, 2011 IL 110886, ¶ 69. In making its determination, "[t]he court should consider all of the events leading up to judgment and should decide what is just and proper based on the facts of the case." *Larson v. Pedersen*, 349 Ill. App. 3d 203, 208, 811 N.E.2d 1204, 1208 (2004).

¶ 40    Having considered the record before us, we find that the trial court erred when it entered its June 2, 2017, order, granting plaintiff's motion to vacate the May 3, 2017, stay order, and granting plaintiff's oral motion for default judgment against defendant Toigo "on all counts." The record shows that plaintiff's motion to reconsider the 60-day stay and notice of hearing were filed after defendant's counsel had withdrawn and prior to the time defendant was required to file a supplemental appearance. In their *pro se* motion to vacate the default judgment, defendant Toigo and Michael both attested that they did not appear for the hearing on June 2, 2017, because plaintiff did not give defendant Toigo notice that any motion had been filed or that a hearing had been set for June 2, 2017. Plaintiff admits that it did not give notice to defendant Toigo at the address specified in the May 3, 2017, order because it believed that defendant's attorney had not properly withdrawn. Therefore, plaintiff served its motion to reconsider and notice of hearing on defendant's former counsel, rather than on the defendant, as required in the May 3, 2017, order.

¶ 41    That plaintiff decided to ignore the language in the May 3, 2017, order—and instead serve defendant's former attorney of record—was a significant legal risk. In its order of May 3, 2017, the court granted defense counsel's motion for leave to withdraw after finding that

16

defendant's counsel had complied with the requirements set forth in Rule 13(c). In failing to serve its motion and notice of hearing on defendant, plaintiff ignored the clear directive of the trial court, that all further notices be sent to the defendant Toigo at the address identified in the court order.

¶ 42    Plaintiff argues, however, that it was not obligated to follow the directive in the May 3, 2017, order because defendant had not filed a supplemental appearance. This argument is without merit. First, the 21-day time period for defendant to obtain new counsel, as allowed by the May 3, 2017, order, had not expired when plaintiff filed its motion to reconsider on May 18, 2017. Second, plaintiff ignores the plain language of Illinois Supreme Court Rule 13(c)(5) (eff. July 1, 2013), which provides that "[i]n case of [a party's] failure to file such supplementary appearance, notice *** shall be directed to him at his last known business or residence address." Therefore, plaintiff failed to comply with the service requirements set forth in Rule 13(c)(5) and Illinois Supreme Court Rule 104(b) (eff. Jan. 4, 2013). As a result of plaintiff's disregard of the plain language of the May 3, 2017, order, directing where service of pleadings was to occur, defendant had no notice of the June 2, 2017, hearing and no opportunity to defend against plaintiff's motion to vacate the 60-day stay.

¶ 43    Plaintiff next argues that even if it was obligated to send notice to defendant pursuant to the order of May 3, 2017, the lack of notice does not void the order. In support of its argument, plaintiff relies on *Bank of Ravenswood v. Domino's Pizza, Inc.*, 269 Ill. App. 3d 714, 646 N.E.2d 1252 (1995). Plaintiff's argument, however, misconstrues the facts of *Ravenswood* as applied to the record herein. In *Ravenswood*, there was a written motion for default judgment that had been filed. The attorney seeking the judgment sent the notice of hearing to the only address of record in the court file. That address, however, had not been updated since defendant had moved.

17

Therefore, the notice was returned for lack of a forwarding address. *Ravenswood*, 269 Ill. App. 3d at 716-17. In the case before us, plaintiff made no attempt to notify defendant of plaintiff's intention to seek a default judgment. The only pleading before the court was plaintiff's motion to reconsider the 60-day stay order and set aside the order allowing defense counsel to withdraw. Unlike *Ravenswood*, the record before us does not indicate that plaintiff had ever filed a motion for default judgment against defendant. Moreover, even if such a pleading had been filed, plaintiff admits that it never gave notice to the address set forth in the May 3, 2017, order. Therefore, we find the circumstances in *Ravenswood* inapposite to the facts in this case.

¶ 44    The order of June 2, 2017, clearly indicated that plaintiff made an oral motion for default judgment. Despite the fact that defendant had an answer on file, with affirmative defenses, the trial court granted the oral motion for default judgment "for failing to enter a substitute appearance." Further, the default judgment was entered "on all counts," despite the fact that the equitable counts were pled in the alternative. The trial court went on to allow plaintiff the opportunity to file an "updated affidavit of damages," which was to be automatically incorporated, without further hearing or notice to defendant, into the judgment. In our view, the trial court erred in granting the oral motion for default judgment, as defendant was denied the opportunity to defend on the merits of his responsive pleading and was denied the opportunity to challenge plaintiff's affidavit regarding damages.

¶ 45    Prior to the entry of default, defendant had been actively engaged in his defense. Defendant had filed an answer to plaintiff's amended complaint, and affirmative defenses challenging plaintiff's standing to bring the claim. As previously noted, under section 2-1301(e), defendant need not show that he had a meritorious defense. Nevertheless, in this case, defendant

18

had raised an affirmative defense, which was the basis for dismissal of plaintiff's original complaint on February 24, 2017.

¶ 46   Contrary to plaintiff's assertion, plaintiff was obligated by court rules and common courtesy to notify defendant that plaintiff intended to present an oral motion for default judgment. See Ill. S. Ct. R. 104(b) (eff. Jan. 4, 2013). "It is when the failure to serve notice prevents a party from appearing and denies the party an opportunity to be heard or to respond, thereby denying a party's procedural due process rights, that an *ex parte* order entered without notice may be deemed null and void." *Savage v. Pho*, 312 Ill. App. 3d 553, 557, 727 N.E.2d 1052, 1055 (2000) (citing *People ex rel. Hamer v. Jones*, 39 Ill. 2d 360, 235 N.E.2d 589 (1968)). "The determining factor is not the absence of notice but whether there was any harm or prejudice to the nonmoving party." (Internal quotation marks omitted.) *Savage*, 312 Ill. App. 3d at 557. In this case, defendant had appeared and answered the amended complaint and was entitled to notice before plaintiff moved for *ex parte* judgment. Substantial justice therefore requires that the June 2, 2017, order be vacated in its entirety, as well as the order of November 3, 2017.

¶ 47   Finally, we note that a majority of plaintiff's argument was spent berating defense counsel for her alleged failure to abide by the strict mandates of Rule 13. From the beginning of this litigation, plaintiff's pleadings were denigrating toward opposing counsel and fraught with inaccuracies. A prime example, which is expressed throughout plaintiff's pleadings and arguments, is plaintiff's repeated allegation that defendant Toigo failed to respond to discovery in a timely manner. First, we note that plaintiff served discovery along with the filing of its complaint. This was contrary to Illinois Supreme Court Rule 201(d) (eff. July 1, 2014), which clearly states:

19

"(d) Time Discovery May Be Initiated. Prior to the time all defendants have appeared or are required to appear, no discovery procedure shall be noticed or otherwise initiated without leave of court granted upon good cause shown."

¶ 48   The record does not reveal that plaintiff ever received a court order to commence discovery, as required by Rule 201(d). Yet throughout plaintiff's pleadings, there are claims that defendant refused to respond to discovery for purposes of delay, that defendant's dilatory tactics demonstrated a deliberate and pronounced disregard for the court's authority, or that defendant's conduct amounted to a "deliberate or contumacious flouting of judicial authority." We reference this issue because this cause is being remanded, and it is important to remind counsel for both parties that in this State, the courts frown upon any activity that would detract from the purpose of our judicial system, which is to promote a culture of civility in a manner best suited to promote the administration of justice. On remand, the parties should refrain from unnecessary allegations that are unsupported by the record, as any attempt by either counsel to use calculated misinformation "corrupts the truth-seeking process and must be sternly rebuked." *Fine Arts Distributors v. Hilton Hotel Corp.*, 89 Ill. App. 3d 881, 884, 412 N.E.2d 608, 610 (1980).

¶ 49   Next, we address defendant's motion to strike the supplementary appendix to the appellee's brief, and plaintiff's opposition to the motion. The supplementary appendix contains an order of the Nevada Supreme Court regarding an unrelated disciplinary proceeding against Michael Toigo. Plaintiff included the order in a supplementary appendix to its brief and requested that we take judicial notice of the order. Generally, attachments to briefs not included in the record on appeal are not properly before the reviewing court and cannot be used to supplement the record. An appellate court may take judicial notice of readily verifiable facts if doing so will aid in the efficient disposition of a case, even if the parties did not seek judicial

20

notice in the trial court. *People v. Davis*, 65 Ill. 2d 157, 165, 357 N.E.2d 792, 796 (1976). We fail to see why plaintiff attempted to bring this matter to the attention of this court, as it is neither relevant nor germane to any issue before the court and will not aid in the disposition of the appeal. The request to take judicial notice of the document is denied, and the supplementary appendix is ordered stricken from the appellee's brief.

¶ 50                              III. CONCLUSION

¶ 51    After considering the record, including the facts and circumstances leading up to the entry of the default judgment, we find that the trial court erred in denying defendant's motion to vacate the default judgment and that substantial justice requires that all orders entered June 2, 2017, including the order vacating the 60-day stay and the order granting plaintiff's oral motion for default judgment, be vacated. Accordingly, the November 3, 2017, order of the circuit court, denying defendant's motion to vacate the default judgment, is reversed; the default judgment and all other orders entered June 2, 2017, are vacated; and the cause is remanded for further proceedings.

¶ 52    Reversed and remanded.

2019 IL App (5th) 170473

NO. 5-17-0473

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| GODFREY HEALTHCARE AND REHABILITATON CENTER, LLC, | ) ) ) | Appeal from the Circuit Court of Madison County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 16-L-1775 |
| JOHN TOIGO, | ) ) | Honorable A.A. Matoesian, |
| Defendant-Appellant. | ) | Judge, presiding. |

**Opinion Filed:** April 10, 2019

**Justices:** Honorable Judy L. Cates, J.

Honorable James R. Moore, J.
Honorable John B. Barberis, J., and
Concur

**Attorney for Appellant**  Jana Yocom Rine, Yocom Rine Law Office, 2150 South Central Expressway, Suite 200, McKinney, Texas 75070

**Attorneys for Appellee**  Philip J. Lading, Sandberg, Phoenix & von Gontard P.C., 101 W. Vandalia, Suite 300, Edwardsville, IL 62025; Casey F. Wong, Sandberg, Phoenix & von Gontard P.C., 784 Wall Street, Suite 100, O'Fallon, IL 62269