2021 IL App (1st) 191872-U

FOURTH DIVISION
March 25, 2021

No. 1-19-1872

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE APPELLATE COURT
OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

|  |  |  |
|---|---|---|
| REZA BANIASSIADI, | ) | Appeal from the |
|  | ) | Circuit Court of |
|  | ) | Cook County |
| Plaintiff-Appellee, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | No. 18 L 12872 |
| MAHRUHK HYDER, MUHAMMAD HYDER, and | ) |  |
| FARAH HYDER, | ) |  |
|  | ) |  |
| Defendants-Appellants. | ) | Honorables |
|  | ) | Moira S. Johnson and |
|  | ) | Sandra G. Ramos, |
|  | ) | Judges Presiding. |

_____

JUSTICE REYES delivered the judgment of the court.
Justices Lampkin and Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*: Reversing the judgment of the circuit court of Cook County denying defendants' motions to vacate the default judgments.

¶ 2    Defendants, Mahruhk Hyder, Muhammad Hyder, and Farah Hyder, appeal from an order

of the circuit court of Cook County denying their motions to vacate a default judgment and the

final judgment order in favor of plaintiff Reza Baniassiadi.  On appeal, defendants contend that

the circuit court erred in denying their motions to vacate where the court misapprehended the law, and the record demonstrates that they were diligent in participating in the matter. For the reasons which follow, we reverse the judgment of the circuit court of Cook County, vacate the default judgment orders, and remand the matter for further proceedings consistent with this order.

¶ 3                                    BACKGROUND

¶ 4      Plaintiff filed his complaint against defendants on November 29, 2018, alleging that Mahruhk, his former law office manager, and her parents (Muhammad and Farah), embezzled over $50,000. The complaint included counts for embezzlement, fraud, breach of fiduciary duty, conversion, and unjust enrichment. Attached to the complaint were exhibits, including a demand letter sent by plaintiff to attorney Salim John Sheikh on November 23, 2018. Plaintiff's demand letter referenced the fact that attorney Sheikh had been representing defendants since July 6, 2017.

¶ 5      Thereafter, on January 8, 2019, plaintiff obtained personal service on Mahruhk and substitute service of the complaint on Muhammad and Farah at their collective residence. The matter was scheduled for a case management conference on March 20, 2019, and was continued to April 17, 2019.

¶ 6      On March 21, 2019, plaintiff mailed a request to admit facts to defendants at their residence. On April 17, 2019, attorney Sheikh filed a response to the request to admit facts; however, the notice of service of this filing was blank. Also filed was a blank appearance form. The electronic docket of the circuit court of Cook County, however, indicates that this appearance was filed, and the fee was paid.[1] It also lists attorney Sheikh's contact information,

_____

[1] We may take judicial notice of the electronic docket of the Clerk of the Circuit Court of

including his address and phone number.

¶ 7    A case management order was also entered on April 17, 2019. There is no indication, however, on the order whether attorney Sheikh was present in court. Indeed, a vast majority of the orders in this record do not indicate who was or was not present in court on the day the order was entered. The April 17, 2019, case management order also stated that the matter was continued to May 15, 2019, with "plaintiff to file a motion for default." Plaintiff filed his motion and set it for hearing on May 15 with notice provided only to defendants at their residence.

¶ 8    Even though the motion was set and noticed for hearing on May 15, plaintiff presented the motion for default on May 10. There is no notice of motion in the record for this date. On May 10, the circuit court found that defendants had failed to file an appearance or answer in the matter and granted the motion for default. The case was continued to May 15 to set a prove-up date. On May 15, the circuit court continued the matter to June 11 for prove-up.

¶ 9    On June 10, 2019, attorney Sheikh filed a motion to vacate the default judgment pursuant to section 2-1301 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1301 (West 2018)) on defendants' behalf. Defendants maintained—in contradiction to the May 10 order—that they had filed an appearance and a response to the requests to admit in this matter. They also alleged that attorney Sheikh did not receive notice of the hearing on the motion for default. The electronic docket indicates that defendants' motion was set for hearing on June 24, 2019.

¶ 10    On June 11, 2019, the circuit court entered a judgment against defendants in the amount of $198,680 plus prejudgment interest, fees, and costs. The order did not indicate who was present at the hearing.

¶ 11    On June 20, 2019, the Fish Law Group filed an appearance on behalf of defendants and

---

Cook County. *TCF National Bank v. Richards*, 2016 IL App (1st) 152083, ¶ 50.

paid the appearance fee. The Fish Law Group also filed a motion to withdraw the appearance of attorney Sheikh and substitute the Fish Law Group as counsel.

¶ 12 On June 24, 2019, both parties appeared, and defendants presented their motion to vacate the default judgment as well as the motion to withdraw and substitute counsel. Defendants were granted time to provide authority supporting their position that attorney Sheikh properly filed his appearance. Thereafter, plaintiff was provided time to provide authority on his position as well.

¶ 13 Then, on July 11, 2019, defendants filed an "alternative motion to vacate the judgment order pursuant to 735 ILCS 5/2-1301(e) and 735 ILCS 5/2-1401(A)" wherein defendants argued that the lack of notice to attorney Sheikh regarding the motion for default prejudiced them and that the failure of plaintiff to personally inform defendants regarding the date of the prove-up warranted the vacatur of those orders. After conducting a full hearing, the circuit court denied the motion to vacate the default judgment and the June 11 judgment order. In so ruling, the circuit court found that attorney Sheikh "attempted" to file his appearance on April 17, 2019, over 30 days after the complaint was filed. The circuit court further found that attorney Sheikh violated Illinois Supreme Court Rule 13(c)(1) (eff. July 1, 2017) because he failed to request leave of court to file his appearance.

¶ 14 On August 13, 2019, defendants filed a motion to reconsider, which the circuit court denied without stating its reasoning on the record. This appeal followed.

¶ 15                                ANALYSIS

¶ 16 Defendants argue on appeal that the circuit court incorrectly denied the motions to vacate because defendants did not seek leave of court to file an appearance where their attempt to file an appearance was made after the 30 days permitted by law. Defendants maintain that this ruling is contrary to Illinois case law which allows a party to file a pleading without first filing an

appearance. See *Firkus v. Firkus*, 200 Ill. App. 3d 982, 990 (1990). Defendants contend that, at a minimum, the circuit court should have at least considered the merits of the motions to vacate and the court committed reversible error when it failed to do so.

¶ 17    In response, plaintiff maintains that the circuit court correctly denied the motions to vacate where Mahruhk was personally served and her parents, Muhammad and Farah, were served by substitute service through Mahruhk, on January 8, 2019, and therefore defendants had proper notice of the proceedings. Plaintiff further asserts that, despite this notice, defendants failed to file an effective appearance or an answer or any other pleading and therefore the circuit court correctly granted a default judgment.

¶ 18    We first address our standard of review. Two different sections of the Code were implicated by the motions to vacate—section 2-1301(e) and section 2-1401(a). See 735 ILCS 5/2-1301(e) (West 2018); 735 ILCS 5/2-1401(a) (West 2018). Neither party acknowledges under which section of the Code the circuit court analyzed the motions to vacate. The orders entered in this cause were also devoid of any such reference. A defendant's right to challenge a judgment under both section 2-1301 and section 2-1401 is distinctive. Under section 2-1301(e), the moving party need not necessarily demonstrate a meritorious defense and a reasonable excuse for failing to timely assert such defense. *In re Haley D.*, 2011 IL 110886, ¶ 57. In contrast, under section 2-1401, a litigant faces a substantially greater burden—the litigant must establish by a preponderance of the evidence not only that a meritorious claim or defense exists, but also that they exercised "due diligence in pursuing the claim or defense in the circuit court," as well as "due diligence in pursuing in presenting the petition for relief." *Id.* ¶ 58. Furthermore, regarding an order granting or denying a motion to vacate a default judgment pursuant to section 2-1301(e) our review is that of abuse of discretion. *Wells Fargo Bank, N.A., v. Hansen*, 2016 IL

App (1st) 143270, ¶ 14. As for an order granting a motion to vacate a judgment pursuant to section 2-1401, when the motion raises a purely legal issue our review is *de novo*. *Warren County Soil and Water Conservation District v. Walters*, 2015 IL 117783, ¶ 47. Conversely, an order granting or denying a motion pursuant to section 2-1401 is reviewed for an abuse of discretion when the motion does not raise a purely legal issue and presents a fact-dependent challenge. *Id.* ¶¶ 51-52. Due to these differing standards, we must first determine which section of the Code applies.

¶ 19 Section 2-1301(e) provides that "[t]he court may in its discretion, before final order or judgment, set aside any default, and may on motion *filed within 30 days* after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." (Emphasis added.) 735 ILCS 5/2-1301(e) (West 2018). Section 2-1401(a) provides that "[r]elief from final orders and judgments, *after 30 days* from the entry thereof, may be had upon petition as provided in this Section." (Emphasis added.) 735 ILCS 5/2-1401(a) (West 2018).

¶ 20 We observe that attorney Sheikh filed a motion to vacate the default judgment pursuant to section 2-1301(e) on June 10. While at first glance it appears this motion was filed outside of the 30 days allowed by section 2-1301(e), June 9 (the 30th day) fell on a Sunday, and therefore the filing of the motion on the following Monday was proper. See *Mortgage Electronic Systems v. Gipson*, 379 Ill. App. 3d 622, 626 (2008) (quoting 5 ILCS 70/1.11 (West 2004)).

¶ 21 Thereafter, on June 11—the same day the final judgment order was entered—Fish Law Group filed another motion to vacate seeking the vacatur of both the default judgment and the judgment order under either section 2-1301(e) or section 2-1401(a) of the Code. As both motions to vacate were filed within 30 days of the respective orders, we find that section 2-1301(e) of the Code applies. See 735 ILCS 5/2-1301(e) (West 2018); *Williamsburg Village*

*Owners' Ass'n, Inc. v. Lauder Associates*, 181 Ill. App. 3d 931, 935 (1989) (characterizing the defendant's motion to vacate as a section 2-1301 motion based on the timing of the filing of the motion).

¶ 22    The decision whether to grant or deny a motion to vacate under section 2-1301 is within the circuit court's sound discretion, and we will not reverse a court's ruling unless it has abused its discretion.  735 ILCS 5/2-1301(e) (West 2018); *Godfrey Healthcare & Rehabilitation Center, LLC v. Toigo*, 2019 IL App (5th) 170473, ¶ 38.  An abuse of discretion occurs when "the ruling is arbitrary, fanciful, or unreasonable, or when no reasonable person would take the same view." *CitiMortgage, Inc. v. Moran*, 2014 IL App (1st) 132430, ¶ 24.

¶ 23    Furthermore, there is a liberal policy regarding vacating default judgments under section 2-1301(e). *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, ¶ 16.  The overriding consideration in ruling on such a motion is whether substantial justice has been done between the litigants and whether it is reasonable to compel the other party to go to trial on the merits. *Id.*  In determining whether substantial justice will be achieved, considerations can include a party's diligence or lack thereof, whether the party has a meritorious defense, the severity of the resulting penalty, and the relative hardships on the parties. *Draper & Kramer, Inc., v. King*, 2014 IL App (1st) 132073, ¶ 23.  Thus, the appropriate considerations depend on the facts of each case. *Id.*

¶ 24    In this instance, our review of the record reveals that the circuit court abused its discretion when it denied defendants' motions to vacate.  As is well established, "courts of Illinois have been liberal in setting aside defaults entered," and our legislature has also directed that the Civil Practice Act of the Code be "liberally construed so that controversies may be speedily and finally determined according to the substantive rights of the parties." *Widucus v. Southwestern Electric*

*Co-op., Inc.*, 26 Ill. App. 2d 102, 107 (1960). Under the liberal policy of vacating default judgments, the circumstances of this case indicate that—despite the allegedly defective appearance—plaintiff was aware defendants were represented by counsel, presented the motion for default on May 10, 2019, without providing notice to defendants, and obtained a ruling in his favor. See *Toigo*, 2019 IL App (5th) 170473, ¶¶ 40-42 (finding the circuit court should have vacated the default judgment when plaintiff failed to give proper notice of its intent to present an oral motion for default judgment); *John Isfan Construction, Inc., vs. Longwood Towers, LLC.*, 2016 IL App (1st) 143211, ¶ 47 (finding the trial court should have vacated a judgment where the plaintiff never sent proper notice of the default); *In re Haley D.,* 2011 IL 110886, ¶ 69 ("In making this assessment [under section 2-1301], a court should consider all events leading up to the judgment. 'What is just and proper must be determined by the facts of each case, not by a hard and fast rule applicable to all situations regardless of the outcome. [Citation.]' "); *Passalino v. City of Zion*, 237 Ill. 2d 118, 124 (2010) (due process requires that interested parties receive notice of legal proceedings and be provided an opportunity to be heard at those proceedings).

¶ 25    While defendants did timely file a motion to vacate this judgment, they were then prejudiced when the circuit court entered a significant monetary judgment against them while their motion to vacate was pending. Under these circumstances, it is evident that substantial justice was not achieved and therefore it was unreasonable for a circuit court to deny defendants' motions to vacate the default judgment. See *Draper & Kramer, Inc.*, 2014 IL App (1st) 132073, ¶ 25 (observing it is well recognized that motions to vacate under section 2-1301 are routinely granted to achieve substantial justice).

¶ 26    In reaching this conclusion, we acknowledge that the circuit court relied upon the fact that attorney Sheikh failed to file a proper appearance when it denied the motions to vacate.

Specifically, the circuit referenced Illinois Supreme Court Rule 13(c)(1) (eff. July 1, 2017), which provides that, "[a]n attorney shall file a written appearance or other pleading before addressing the court unless the attorney is presenting a motion for leave to appear by intervention or otherwise" and our court's interpretation of that rule as stated in *J.P. Morgan Mortgage Acquisition Corp. v. Straus*, 2012 IL App (1st) 112401, ¶ 15. While we agree with the circuit court that *Straus* states that "leave of court must be sought prior to filing an appearance after 30 days" (*id.*), we note that, under the facts of this case, another motion to vacate filed by Fish Law Group did seek leave of court to enter its appearance. Thus, even if attorney Sheikh's motion to vacate was improperly filed and presented to the court, the circuit court had the opportunity to correct this error by granting Fish Law Group's motion to withdraw and substitute counsel and proceeding on consideration of their motion to vacate. Such a result would have promoted the interests of the efficient and proper administration of justice and, in turn, the circuit court would have decided whether to vacate the default judgments on the merits. Indeed, entering a default judgment is one of the most drastic actions a court may take, and a default judgment should only be entered as a last resort. See *Bank and Trust Co. v. Line Pilot Bungee, Inc.*, 323 Ill. App. 3d 412, 415 (2001). And, as in this case, it should be set aside when it will not cause hardship to the plaintiff to proceed to trial on the merits. *Widucus*, 26 Ill. App. 2d at 108-09.

¶ 27    In sum, taking into consideration the entirety of the record in this case, we find that the circuit court abused its discretion when it denied defendants' motions to vacate. Accordingly, we reverse the judgment of the circuit court of Cook County, vacate the default orders, and remand the matter for the circuit court to provide defendants time to file their answer or other pleading.

¶ 28                                CONCLUSION

¶ 29    For the reasons stated above, the judgment of the circuit court of Cook County is reversed, the default judgment orders are vacated, and the matter is remanded for further proceedings consistent with this order.

¶ 30    Reversed, vacated, and remanded.