NOTICE

Decision filed 04/11/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 200405-U

NO. 5-20-0405

IN THE

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| MATTHEW SNEED, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | White County. |
| | ) | |
| v. | ) | No. 20-OP-75 |
| | ) | |
| STACEY WOOLSEY, | ) | Honorable |
| | ) | Barry L. Vaughan, |
| Respondent-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Justices Cates and Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*: We reverse the White County circuit court's denial of the respondent's motion to set aside and vacate the default stalking no contact order.

¶ 2    The respondent, Stacey Woolsey, appeals the entry of a default stalking no contact order pursuant to sections 60(a) and (d) of the Stalking No Contact Order Act (740 ILCS 21/60(a), (d) (West 2020)), and subsequent denial of his motion to set aside and vacate order of default pursuant to section 2-1301(e) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1301(e) (West 2020)).  For the reasons that follow, we reverse the circuit court's denial of the respondent's motion to set aside and vacate the default plenary stalking no contact order.

1

¶ 3                                I. BACKGROUND

¶ 4     On August 4, 2020, the petitioner, Matthew Sneed, filed a verified petition for a stalking no contact order in the White County circuit court seeking to protect himself; his girlfriend, Patricia Johnson; and his minor child from the respondent. The petition alleged that the respondent may be considered armed, dangerous, and suicidal. There were two specific instances alleged: (1) around 1 p.m. on July 30, 2020, the petitioner was assaulted by the respondent; and (2) on July 20, 2020, the respondent appeared at the petitioner's residence and "verbally intimidated" and assaulted him. The petition also alleged that the respondent tried to run Johnson off the road and threatened to slit the petitioner's throat.

¶ 5     Johnson also filed a verified petition for a stalking no contact order against the respondent on August 4, 2020, in White County case No. 20-OP-76. The facts alleged in Johnson's petition were substantially similar to those alleged here, the cases were heard together in the trial court, and the respondent has filed a companion appeal in case No. 5-20-0406 involving Johnson.

¶ 6     A petition hearing was set for August 5, 2020, and a plenary hearing was set for August 21, 2020. On August 5, the petitioner and Johnson failed to appear but called the circuit clerk's office to inform the court of a medical emergency. The petition hearing was reset for August 6, 2020.

¶ 7     On August 6, 2020, the petition hearing was continued until August 7, 2020; the reason for the continuance is not clear from the record. On August 7, the petitioner and Johnson appeared via Zoom due to alleged exposure to Covid-19. They were sworn in and questioned. Thereafter, the trial court found that there had been at least two incidents of

2

threats or acts that justified the entry of emergency stalking no contact orders against the respondent. The plenary hearing was still scheduled for August 21, 2020.

¶ 8    The respondent was served with a summons and emergency stalking no contact order for both cases on August 8, 2020. He appeared *pro se*, as did the petitioner and Johnson, for the plenary hearing on August 21, 2020. When the cases were called, the respondent was instructed to approach the bench. He was then informed that, since he failed to file an answer or entry of appearance within seven days as required by statute, he was in default. The trial court entered plenary stalking no contact orders against him for a period of two years. The court briefly viewed the documents the respondent brought with him to court and informed him that if he wished to proceed with any additional proceedings, he must do so within 30 days.

¶ 9    The respondent subsequently retained counsel, and on September 18, 2020, he filed a motion to set aside and vacate the orders of default in both cases. The motion, filed pursuant to section 2-1301(e) of the Code (*id.*), argued that the respondent appeared in open court on August 21, 2020, ready to proceed on the petition for the stalking no contact order but had not filed an entry of appearance or answer prior to that date; he worked out of town and was unaware of the requirement to file an entry of appearance or answer within seven days; Illinois courts prefer that, if possible, litigation be determined on its merits; the trial court's primary consideration in ruling on a section 2-1301(e) motion is "whether substantial justice is being done between the parties and whether it is reasonable under the circumstances to proceed to trial on the merits"; and that the court should set aside and vacate the default plenary stalking no contact orders.

3

¶ 10   The trial court held a motion hearing on November 6, 2020, during which the respondent appeared with counsel, the petitioner appeared *pro se*, and Johnson failed to appear. The respondent's counsel orally moved for a default order on his motion, based on the petitioner and Johnson's failure to file a response to the motion and Johnson's failure to appear, which the court denied. Counsel then proceeded on the motion to set aside and vacate the order of default by proffer. Counsel informed the court that the respondent worked out of state, was served with the summons and emergency stalking no contact orders on August 8, 2020, left Illinois to go to work in Mississippi on August 9, and did not return until August 20 to attend the hearing the next day. Evidence was presented that, on the day the respondent allegedly tried to run Johnson off the road, he was at a dental appointment undergoing a procedure and could not drive so his assistant drove him home. The respondent also provided copies of Johnson's Facebook posts from August 7, 2020, showing that she and the petitioner were on their way to Lambert International Airport for birthday festivities and had airplane tickets dated for that day, when they told the court they were unable to appear in person due to Covid-19 exposure.

¶ 11   The trial court questioned the petitioner as to why he was unable to appear in court on August 7, 2020. The petitioner initially responded that the trip was on a different day and time. However, when the court recalled that the petitioner and Johnson were in a vehicle on that day, the petitioner changed his testimony and said a relative that he and Johnson had been around had been exposed, but they tested negative for Covid-19 on the day of the scheduled hearing and their trip to Florida.

4

¶ 12    The trial court then asked if the respondent had any additional evidence to present, and the respondent argued that the petitioner and Johnson had lied to the court to obtain the emergency stalking no contact orders; the respondent had a meritorious defense; he had appeared to present evidence on August 21, 2020, as provided by the summons; the motion to set aside or vacate was filed within 30 days of the entry of default; and the court should vacate the default order.  After hearing the evidence, the court denied the respondent's motion to set aside or vacate the order of default.  The record indicates that the court found that "the orders of protection and stalking cases had serious allegations and the parties in these cases should not have contact" and that "the excuse listed as a basis to vacate the Plenary order [was] insufficient."[1]  This appeal followed.

¶ 13                          II. ANALYSIS

¶ 14    On appeal, the respondent makes three contentions.  First, he argues that the trial court erred in finding him in default for failing to file an entry of appearance or answer within seven days of service.  Second, he asserts that the court erred in finding him in default after he appeared in open court on the date listed on the summons.  Third, he maintains that, in denying his motion to set aside and vacate the default plenary stalking no contact order, the court erred in finding that substantial justice was served or abused its discretion.  We find the respondent's third contention dispositive.

---

[1]We note that the court reporter was not present during any of the hearings before the trial court, and thus, no report of proceedings was prepared or filed with this court.  However, the respondent filed a motion to approve bystander's report, which was granted on January 15, 2021.  Therefore, our recitation of the trial court proceedings is taken from the bystander's report as well as the court's docket entries.

¶ 15 Section 2-1301(e) of the Code provides that "[t]he court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." *Id.* We review for an abuse of discretion the trial court's denial of a section 2-1301 motion to vacate. *Godfrey Healthcare & Rehabilitation Center, LLC v. Toigo*, 2019 IL App (5th) 170473, ¶ 38. A court abuses its discretion when its decision is arbitrary or exceeds the bounds of reason and ignores principles of law such that substantial prejudice has resulted. *Id.*

¶ 16 Further, we must determine whether the trial court's decision was fair and just, such that the result did not deny the movant substantial justice. *Id.* We note that, in exercising its discretion, the court must remain mindful that a default judgment is a "drastic remedy that should be used only as a last resort." *Id.* ¶ 39 (citing *In re Haley D.*, 2011 110886, ¶ 69). Moreover:

> "The law prefers that controversies be determined according to the substantive rights of the parties; the provisions of the Code governing relief from a default judgment are to be liberally construed toward that end. See *In re Haley D.*, 2011 IL 110886, ¶ 69. A party seeking to vacate a default judgment under section 2-1301(e) need not allege the existence of a meritorious defense or a reasonable excuse for not having asserted the defense. [*Id.*] The overriding consideration is whether substantial justice is being done between the litigants, and whether it is reasonable, under the circumstances, to compel the parties to go to trial on the merits. [*Id.*] In making its determination, '[t]he court should consider all of the events leading up to judgment and should decide what is just and proper based on the facts of the case.' *Larson v. Pedersen*, 349 Ill. App. 3d 203, 208 (2004)." *Godfrey*, 2019 IL App (5th) 170473, ¶ 39.

¶ 17 Having considered the record before us, we find that the trial court abused its discretion when it denied the respondent's motion to set aside or vacate the default plenary

stalking no contact order. The record shows that after the respondent was served with the summons and emergency stalking no contact orders on August 8, 2020, he left the next day to go to work in Mississippi. He did not return until August 20, 2020, to attend the plenary hearing the next day. Although the respondent failed to file an answer or an entry of appearance because he was unaware of that requirement, he appeared at the plenary hearing ready to proceed with evidence.

¶ 18　After the trial court found him in default, the respondent retained counsel and timely filed a motion to set aside and vacate the default plenary stalking no contact order. Although the respondent was not required to present a meritorious defense to have the default set aside, the evidence he presented at the motion hearing contradicted allegations set forth in the petitioner's and Johnson's petitions for the stalking no contact orders. The respondent also presented evidence that the petitioner and Johnson lied to the court during the hearing on the emergency petitions. The respondent was not allowed his day in court, and in light of the preference to decide cases on the merits, we find that substantial justice was not done by the entry of default and the court's refusal to set aside the default.

¶ 19　After considering the record, including the facts and circumstances leading up to the entry of the default plenary stalking no contact order, we find that the trial court abused its discretion in denying the respondent's motion to vacate or set aside, and that substantial justice requires that the default plenary stalking no contact order be vacated. Because we are reversing and remanding on this basis, we need not address the respondent's remaining claims.

7

¶ 20                           III. CONCLUSION

¶ 21    Accordingly, we reverse the order of the circuit court denying the respondent's motion to vacate or set aside the default plenary stalking no contact order; we vacate the default plenary stalking no contact order; and we remand this case for further proceedings.


¶ 22    Reversed and remanded.