**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220148-U

Order filed December 7, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| ANTOINE GUY JEAN PAUL BORDELAIS, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-22-0148 |
| | ) | Circuit No. 21-L-763 |
| | ) | |
| VALERIE ANN BORDELAIS, | ) | Honorable |
| | ) | Roger D. Rickmon, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE HETTEL delivered the judgment of the court.
Justices McDade and Davenport concurred with the judgment.

_____

**ORDER**

¶ 1    *Held*:   The trial court did not abuse its discretion in denying plaintiff's motion for default judgment and granting defendant's motion to dismiss; although defendant did not file a timely appearance, substantial justice permitted dismissal where the complaint failed to state a cause of action and was barred by the statute of limitations.

¶ 2    Plaintiff, Antoine Guy Jean Paul Bordelais, appeals from the Will County circuit court's judgment denying his motion for default judgment against defendant, Valerie Ann Bordelais, and granting Valerie's motion to dismiss. We affirm.

¶ 3                                        I. BACKGROUND

¶ 4          On October 5, 2021, Antoine filed suit against his former spouse, Valerie, claiming she defamed him in their divorce proceedings in Switzerland and in custody proceedings here in the United States. Antoine alleged that Valerie made statements to individuals abroad and in Naperville that he "was physically abusive towards her" and was "denigrating and insulting." Antoine also alleged that Valerie told their daughter that he "was trying to kidnap her." He claimed that all of Valerie's statements were false and caused him to suffer emotional distress.

¶ 5          Antoine served summons on Valerie on October 9, 2021. On November 8, 2021, thirty days after service of process, Antoine moved for default judgment. On November 10, 2021, Valerie's attorney filed an appearance on her behalf. Two days later, on November 12, Valerie moved for an extension of time to answer Antoine's complaint.

¶ 6          On November 30, 2021, before the court ruled on Antoine's default judgment motion, Valerie filed a motion to dismiss the complaint under sections 2-615 and 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619 (West 2020)). Under section 2-615, she claimed that the substance of the defamatory statements was not pled with sufficient specificity to support a cause of action. Under section 2-619, she alleged that her statements were protected by absolute privilege and that Antoine's claims were barred by the one-year statute of limitations for defamation under section 13-201 of the Code (735 ILCS 5/13-201 (West 2020)). In her attached affidavit, Valerie averred that she made the statements to medical professionals, social workers, Naperville police officers, and Swiss authorities between June 2016 and January 2020 in connection with the couples' divorce proceedings.

¶ 7          On January 5, 2022, the trial court denied Antoine's motion for default judgment. At the hearing on the motion, the following discussion occurred:

"MR. BORDELAIS: The case—summons has been served, affidavit for service is on the court record. The counsel for the respondent has file [*sic*] an appearance late on November 10th. Prior to that on November 8th, I, plaintiff, filed a motion to default.

THE COURT: Well, that motion is denied.

MR. BORDELAIS: This motion for default—

THE COURT: Hang on. That motion is denied. His appearance is on file. Mr. Bordelais, even if I had granted the motion, it's my practice in this courtroom, if they come in and want to file an appearance, I'd vacate it. So that's not going to go anywhere."

¶ 8    On March 10, 2022, after hearing argument on the motion to dismiss, the trial court granted Valerie's motion under section 2-619 and dismissed Antoine's complaint with prejudice. The court also found that Antoine's complaint failed to allege specific statements that would support a cause of action for defamation under section 2-615. This appeal followed.

¶ 9                                          II. ANALYSIS

¶ 10    Antoine argues that the trial court erred by denying his motion for default and granting Valerie's motion to dismiss under section 2-619 of the Code.

¶ 11    "Entry of a default is a drastic remedy that should be used only as a last resort because the law prefers that controversies be determined according to the substantive rights of the parties." *Walker v. Monreal*, 2017 IL App (3d) 150055, ¶ 28. "The overriding consideration in deciding whether to enter or vacate a default judgment is the achievement of substantial justice." *H.D., Ltd. v. Department of Revenue*, 297 Ill. App. 3d 26, 32 (1998). A trial court's decision to

deny a motion for default will not be reversed unless the court abused its discretion. *Greer v. Board of Education of City of Chicago*, 2021 IL App (1st) 200429, ¶ 8.

¶ 12 When a party moves to vacate a default order, the provisions of the Code governing relief from a default are to be liberally construed. *In re Haley D.*, 2011 IL 110886, ¶ 69. In determining whether it is appropriate to set aside a default judgment, the trial court should consider all the events leading up to the judgment, determining what is just and proper based on the particular facts of the case. *Walker*, 2017 IL App (3d) 150055, ¶ 28. The overriding considerations are whether substantial justice is being done between the litigants and whether it is reasonable, under the circumstances, to compel the parties to go to trial on the merits. *Haley D.*, 2011 IL 110886, ¶ 69.

¶ 13 Under the circumstances of this case, the trial court did not abuse its discretion in denying Antoine's motion for default where substantial justice would not have been achieved had the default motion been granted. Section 2-615 of the Code allows for dismissal of a complaint based on legal insufficiencies. See 735 ILCS 5/2-615 (West 2020). In considering a section 2-615 motion, the court is required to accept as true all well-pleaded facts in the complaint, along with all reasonable inferences, and view those facts in the light most favorable to the plaintiff. *Dupree v. Hardy*, 2011 IL App (4th) 100351, ¶ 19. The question is whether the complaint contains sufficient facts that, if established, would entitle the plaintiff to relief. *Zahl v. Krupa*, 365 Ill. App. 3d 653, 658 (2006). To state a claim for defamation, "a plaintiff must present facts showing that the defendant made a false statement about the plaintiff, that the defendant made an unprivileged publication of that statement to a third party, and that this publication caused damages." *Green v. Rogers*, 234 Ill. 2d 478, 491 (2009).

¶ 14    Here, Antoine alleged that Valerie made three generalized statements to doctors, counselors, social workers, and police officers during the underlying custody proceedings. On their face, his allegations do not set forth a precise or particular account of the statements, nor do they include a specific date when or location where Valerie allegedly made the statements. See *Green*, 234 Ill. 2d at 492 ("[a]lthough a complaint for defamation *per se* need not set forth the allegedly defamatory words *in haec verba*, the substance of the statement must be pled with sufficient precision and particularity so as to permit initial judicial review of its defamatory content"). Even if we were to assume that these fact could establish defamation *per quod*, Antoine's defamation claim still would fail because he failed to plead any facts demonstrating that Valerie's statements caused him to suffer actual damages of a pecuniary nature. See *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 87-88 (1996) (a plaintiff pursuing a claim of defamation *per quod* must allege that he suffered special damages, or "actual damage of a pecuniary nature"). Thus, the complaint failed to state a claim for defamation. Substantial justice would not have been accomplished in granting Antoine's default motion where his complaint was legally insufficient.

¶ 15    Further, even if the trial court granted default judgment in Antoine's favor, once Valerie filed her motion to dismiss within 30 days of judgment, substantial justice would have required the trial court to set aside the default order. Section 2-1301(e) of the Code provides that the trial court "may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." 735 ILCS 5/2-1301(e) (West 2020). Here, it would have been within the court's sound discretion to set aside a default judgment because the complaint failed to state a claim and was barred by the one-year statute of limitations under

section 13-201 of the Code. See *Walker*, 2017 IL App (3d) 150055, ¶ 30 (noting that even if a default order had been entered, upon the defendant's request for vacatur, substantial justice would have required the trial court to set aside the default where the complaint both failed to state a claim and was time barred by laches).

¶ 16    Antoine claims that he was entitled to default judgment because Valerie's attorney failed to seek leave of court in filing his appearance two days late, citing *J.P. Morgan Mortgage Acquisition Corp. v. Straus*, 2012 IL App (1st) 112401. We find his argument unavailing.

¶ 17    First, although Valerie's attorney did not request leave to file a late appearance, section 2-1301(e) of the Code provides that the court may exercise its discretion before any final judgment, or within 30 days after entry of a final judgment, on any terms that "shall be reasonable." 735 ILCS 5/2-1301(e) (West 2020). In this case, Valerie's attorney filed his appearance two days after the 30-day filing period expired. Two days later, he filed a motion for extension of time to file a response, and eighteen days after that, he filed a motion to dismiss the complaint before the trial court entered a default order or otherwise ruled on Antoine's motion for default judgment. As noted by both parties, entry of default is a drastic remedy and should be avoided if possible. Given that Valerie's attorney filed an appearance within 48 hours of the 30-day filing period and the trial court had yet to rule on the default motion, we find the trial court's consideration of Valerie's motion to dismiss reasonable.

¶ 18    Second, we reject Antoine's claim that *J.P. Morgan* stands for the proposition that leave of court must be sought prior to filing an appearance after 30 days and that any appearance filed after the 30-day period without presenting a motion for leave cannot be accepted by the court. In *J.P. Morgan*, a foreclosure complaint was filed and the mortgagor filed his appearance and answer as a self-represented litigant within 30 days of service. *Id.* ¶ 1. Four months later, counsel

for the mortgagor filed an additional appearance. Subsequently, plaintiff moved for summary judgment and for judgment for foreclosure and sale, sending notices to the mortgagor directly. After judgment was entered in plaintiff's favor, the mortgagor filed a motion to vacate, claiming that the order was void because his counsel did not receive notice. *Id.* ¶¶ 2-3. The trial court reviewed the order of foreclosure and sale and found that, since the attorney failed to seek leave of court to file his late appearance, notice to the mortgagor directly was sufficient to validate the foreclosure order. *Id.* ¶¶ 5, 16.

¶ 19    On appeal, the reviewing court found that the trial court did not abuse its discretion in denying the mortgagor's motion to vacate, where the mortgagor's attorney filed an additional late appearance after the mortgagor had filed his own timely appearance. *Id.* ¶ 14. It concluded that the motion to vacate was properly denied based on lack of service because the mortgagor's attorney failed to request leave to file an additional appearance, notifying the plaintiff that counsel needed to be served. In rejecting the mortgagor's claim that leave was not required, the court stated:

"Contrary to [the mortgagor's] claims, which are made without reference to any authority in case law, this leads us to the conclusion that leave of court must be sought prior to filing an appearance after 30 days. In fact, a basic search of case law reveals that leave of court is regularly sought when an additional appearance is filed whether to replace an attorney or for a *pro se* defendant who has secured representation. This also comports with commonsense considerations for the efficient and proper administration of justice to assure the court and parties are properly apprised of the parties and their representation." *Id.* ¶ 16.

¶ 20    In proper context, *J.P. Morgan* does not hold that default judgment *must* be entered when a party fails to file an appearance within 30 days of receipt of service. To the extent that it does, we find its holding to be limited to situations involving additional or substitute appearances. To be sure, we agree that the better practice is to request leave to file an appearance to promote equitable administration of justice and properly apprise those involved of the parties and their representation. However, we find no basis to hold that a court is stripped of its discretion to determine whether default judgment is appropriate when counsel files a late appearance without first seeking leave of court.

¶ 21    Antoine's notice of appeal indicates that he is also challenging the trial court's March 10, 2022, order dismissing his complaint with prejudice. However, his brief does not address the merits of the dismissal or provide any authority to support reversing the court's decision. The failure to elaborate on an argument, cite persuasive authority, or present a well-reasoned theory violates Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) and results in forfeiture of the argument on appeal. *Vancura v. Katris*, 238 Ill. 2d 352, 370 (2010).

¶ 22                                    III. CONCLUSION

¶ 23    The judgment of the circuit court of Will County is affirmed.

¶ 24    Affirmed.